TAYLOR *v.* ELLIOTT ET AL.

SUPREME COURT.—*Appeal in Name of Deceased Party.*—*Motion to Strike Cause from Docket.*—*Motion to Substitute Name.*—The Supreme Court, having set aside its judgment of reversal in an appeal, upon the petition of the appellee, showing that the person named as appellant had died before the taking of the pretended appeal, overruled a motion to substitute as appellant the name of one to whom said deceased had in his lifetime assigned his interest as plaintiff in the cause of action, and sustained a motion of the appellee to strike the cause from the docket.

From the Marion Civil Circuit Court.

*J. A. Holman,* for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

PERKINS, J.—A judgment was rendered in favor of Calvin A. Elliott against Quartus Taylor, in the Marion Civil Circuit Court. Afterwards, on May 1st, 1873, said Taylor departed this life. A little more than a year afterwards, viz., on the 14th day of May, 1874, he appears by the record to have appealed from the judgment against him to the Supreme Court. The Supreme Court, not taking judicial notice of the fact that Taylor was dead, and no evidence of the fact being furnished, proceeded on the supposition that he was alive, and decided the case, reversing the judgment of the Marion Civil Circuit Court. This decision was rendered in November, 1875.

Afterwards, on the 8th day of June, 1876, Elliott filed his petition in the Supreme Court, "praying that the judgment of reversal in favor of Taylor be set aside and held for nought, on the ground that he had departed this life before the apparent appeal had been taken to" the Supreme Court. This motion was sustained, on the ground that the court had no jurisdiction of the case, upon the pretended appeal.

In the opinion sustaining the motion, the court say:

"The court never acquired any jurisdiction of Taylor, he having died more than a year before the appeal was taken to this court, and the judgment in his favor would seem to have been void." *Taylor v. Elliott,* 52 Ind. 588.

If the court acquired no jurisdiction of Taylor, neither did it, under the circumstances of this case, of the appeal. And if the judgment rendered by the court on the appeal was void, it was so because the appeal was void, conferring no jurisdiction upon the court over the cause.   The decision amounts to this: that no genuine appeal was ever taken; that an appeal in the name of a dead man, and apparently by him, in the absence of statutory provision, is a fiction, a nullity.   In case of the death of a party after judgment, appeal must be taken, not in the name of the dead party, but by the person in whose favor the action might have been revived, if death had occurred before judgment.   2 Rev. Stat. 1876, p. 240, sec. 552.

Since the above decision was rendered, two motions have been made in the premises, and submitted to this court; the first one by Elliott, that the .cause be struck from the docket; the second one by Deborah B. Taylor, that her name be substituted as appellant in the cause, in place of the name Quartus Taylor, on the ground that said Quartus, before his death, had assigned his interest in the cause of action to her.

The first motion must be sustained.   No real appeal having been taken, the cause is a fiction on the docket of this court, and should be struck off.

The second motion must be overruled.   No real appeal having been taken, the court never having acquired jurisdiction of the cause, the substitution of a real name in the appellate court in a fictitious appeal on the docket of that court will not convert the fictitious appeal into a real one and give the court jurisdiction of the cause.   The case referred to in 46 Cal. 575, *O'Neil* v. *Dougherty*, is not in point.

Motion to strike cause from the docket sustained.   Motion to substitute name overruled.