Lake Erie, etc., R. Co. *v.* Watkins.

# LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* WATKINS.

[No. 19,729. Filed January 7, 1902.]

APPEAL AND ERROR.—*Term Time Appeal.—Abandonment.*— Where a party in term time asks and is granted an appeal but does not file a transcript of the proceedings of the lower court in the office of the Clerk of the Supreme Court, within sixty days after filing the appeal bond, as required by §650 Burns 1901, he will be deemed to have abandoned his term time appeal. *pp. 602, 603.*

SAME.—*Time of Taking Appeal.*—An appeal will be deemed to have been taken at the time of the filing of the transcript and assignment of errors in the Supreme Court. *p. 603.*

SAME.—*Repeal of Appealing Statute.*—Prosecuting an appeal to the Supreme or Appellate Court cannot be said to be the institution of a suit within the meaning of §243 Burns 1901, providing that no suits instituted under existing laws shall be affected by the repeal thereof. *pp. 603, 604.*

SAME.—*Repeal of Appealing Statute.*—An appeal from a judgment against a railroad company for stock killed is not for the recovery of any penalty or for the enforcement of any liability within the meaning of §248 Burns 1901, providing that the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute unless the repealing act shall so expressly provide, but the same shall be treated as remaining in force for the enforcement of such penalty, forfeiture or liability. *pp. 604, 605.*

SAME.—*Vested Rights.*—A party who institutes or defends a suit or action does not thereby acquire a vested right to a decision from a particular court or tribunal within the meaning of the provision of §243 Burns 1901, that "No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof," etc. *p. 605.*

SAME.—*When No Appeal Lies.—Action Within Jurisdiction of Justice of the Peace.*—Under §5313 Burns 1901, giving justices of the peace exclusive original jurisdiction in actions against railroad companies for stock killed when the damages do not exceed $50, and concurrent jurisdiction with the circuit court when they exceed that amount, an appeal from a judgment for $70 in such action is within the prohibition of §6 of the act of 1901 (Acts 1901, p. 565), providing that, except in certain cases specified in §8 thereof, no appeal shall be taken to the Supreme or Appellate Court in any civil case which is within the jurisdiction of a justice of the peace. *pp. 605, 606.*

Lake Erie, etc., R. Co. v. Watkins.

APPEAL AND ERROR.—*When no Appeal Lies.—Action Within Jurisdiction of Justice of the Peace.—Statute.*—The provision of §6 of the act of 1901 (Acts 1901, p. 565), denying appeals to the Supreme or Appellate Court in civil cases within the jurisdiction of a justice of the peace, except as provided in §8 thereof, applies to appeals from judgments rendered before the act took effect but taken thereafter. *pp. 606, 607.*

SAME.—*Right of Appeal.—Limitation.—Constitutional Law.*—Under §4, article 7, of the Constitution, providing that "The Supreme Court shall have jurisdiction coextensive with the limits of the State in appeals and writs of errors, under such regulations and restrictions as may be prescribed by law" the legislature may not only, from time to time, enlarge such jurisdiction, but it may also contract the same as public policy may demand or require, and may designate the amount that may authorize an appeal, and, within reasonable limits, prescribe the class of cases in which appeals can be taken, and from what courts or tribunals they may be prosecuted. *pp. 607, 608.*

SAME.—*Right of Appeal.— Limitation.— Constitutional Law.*—The provision of §12 of the bill of rights that "all courts shall be open," etc., is fully satisfied by a trial in a court of competent jurisdiction in which the right to a jury, in proper cases, as guaranteed by the Constitution, is afforded. *p. 608.*

From Delaware Circuit Court; *J. G. Lefler,* Judge.

Action by J. H. Watkins against the Lake Erie and Western Railroad Company for a horse killed by defendant's cars. From a judgment for plaintiff in the circuit court for $70, affirming a judgment rendered before a justice of the peace, defendant appeals. *Appeal dismissed.*

*J. B. Cockrum, R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellant.

*J. W. Ryan, W. A. Thompson, W. M. Mann* and *L. Lesh,* for appellee.

JORDAN, C. J.—This case has been transferred by the Appellate to the Supreme Court in order that the latter may pass upon appellee's motion to dismiss the appeal, in opposing, which motion, appellant raises the constitutional validity of §6 of an act of the legislature "concerning appeals", approved March 12, 1901, which was in full force

from and after that date by virtue of the emergency therein declared.    Acts 1901, p. 565.    Section 6 of the act being §1337f Burns 1901, reads as follows:    "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace except as provided in section eight of this act."    Section 8 of the act being §1337h Burns 1901, wherein the exceptions referred to in §6 are reserved, is as follows:    "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution, and which case would be otherwise unappealable by virtue of section six or section seven shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

The record discloses that appellee commenced this action before a justice of the peace, under the statute which renders railroad companies liable for the killing or injuring of stock, §§5312, 5313 Burns 1901, §§4025, 4026 Horner 1897, to recover for a horse killed by the cars of appellant at a point on its railroad track where its right of way was not securely fenced.    A trial before the justice resulted in a recovery in favor of the appellee, and thereupon appellant appealed from the judgment to the Delaware Circuit Court, where a trial resulted in the rendition of a judgment on January 23, 1901, in favor of appellee, for $70 and costs. From this judgment appellant on the same day prayed an appeal to the Appellate Court, which was granted on condition that it file its appeal bond in the sum of $200 within twenty days, with certain sureties named and approved by the court.    On January 28, 1901, appellant filed its appeal bond.    On the 3rd day of May, 1901, it filed a transcript of the proceedings of the lower court, together with its assign-

ment of errors in the Appellate Court. The transcript not having been filed in the office of the Clerk of the Supreme Court within sixty days after filing the appeal bond as required by §650 Burns 1901, appellant must be deemed to have abandoned the term time appeal which it originally undertook to prosecute. See, *McKinney* v. *Hartman,* 143 Ind. 224; Rule number one of this and Appellate Court; Ewbank's Manual, §102.

Appellant after having abandoned the term time appeal in question, on May 3, 1901, nearly two months after the taking effect of the act of 1901, attempted to take what is commonly denominated a vacation appeal. If the case is appealable under any law in force at the date of filing the transcript in the Appellate Court, then such appeal must be held and deemed to have been taken on May 3, 1901, the time of the filing of the transcript and assignment of errors. Rule number one of this and Appellate Court; Ewbank's Manual, §102.

The motion to dismiss the appeal states the following reasons: "(1) The cause is not one in which an appeal lies to this court; (2) the court has no jurisdiction of the subject-matter of this action; (3) the cause in which this appeal is attempted to be taken was and is one within the jurisdiction of a justice of the peace, and does not involve the validity of a franchise, or the validity of an ordinance of a municipal corporation, nor does it in any way or manner involve the constitutionality of a statute, State or federal, or rights guaranteed by the State or federal Constitution."

It will be observed that the motion negatives all of the exceptions embraced in §8, *supra,* except that relating to the proper construction of a statute. Counsel for appellant contend that their client has the right to prosecute this appeal for several reasons: (1) Because by §§243, 248 Burns 1901, its right to appeal is not affected by §6 of the act of 1901; (2) that the appeal involves the construction of a

statute, and is, therefore, within the exception of §8; (3) that the act is not retroactive and does not apply to pending litigations. Finally, it is insisted, in effect, that under the construction of this statue appellant's right to an appeal is protected, and therefore the act of 1901, so far as it attempts to deny this right, is unconstitutional and void.

Section 243 Burns, *supra,* provides: "No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed."

Section 248 Burns, *supra,* provides: "Whenever an act is repealed which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

It is certainly too clear for successful argument that neither of these sections has any application to the question here involved. The provisions therein are not designed in any manner to apply to any right of appeal to either the Appellate or Supreme Court that might be cut off or destroyed by the repeal of a statute. The first section above set out refers to rights that had become vested under existing laws and to suits instituted in the lower courts. These rights and the prosecution of such suits this section declares shall not be affected by the repeal of such existing laws. Prosecuting an appeal to either the Supreme or Appellate Court certainly can not be said to be the institution of a suit within the meaning of §243. It is equally evident that such an appeal is not for the recovery of any penalty or for the enforcement of any liability as mentioned in §248, *supra.* That a party to a suit or action has no vested right to appeal

or prosecute a writ of error from one court to another, in the absence of constitutional protection in that respect, is a well settled proposition. Neither by instituting nor by defending an action or a suit does a party thereby acquire a vested right to a decision from a particular court or tribunal. This doctrine, so universally asserted and supported by the authorities, is but an affirmation or extension of the familiar principle that there is no vested right in a remedy. *Bailey* v. *Kincaid,* 57 Hun 516, 11 N. Y. Supp. 294; *Baltimore, etc., R. Co.* v. *Grant,* 98 U. S. 398, 25 L. Ed. 231; *Dismukes* v. *Stokes,* 41 Miss. 430; *Mayne* v. *Board, etc.,* 123 Ind. 132; *Branson* v. *Studabaker,* 133 Ind. 147; *Hughes* v. *Parker,* 148 Ind. 692; *Sims* v. *Hines,* 121 Ind. 534; *Ryan* v. *Waule,* 63 N. Y. 57; *Sullivan* v. *Haug,* 82 Mich. 548, 46 N. W. 795, 10 L. R. A. 263; Elliott's App. Proc. §§75, 76, 354; 2 Ency. of Law and Proc. p. 507; Cooley's Con. Lim. pp. 469, 472, 473; 2 Ency. Pl. and Pr., 19; *Southern, etc., R. Co.* v. *Thompson,* 27 Ind. App. —.

In *Sullivan* v. *Haug, supra,* the court said: "The right to an appeal is and always has been statutory, and does not exist at common law. It is a remedy which the legislature may in its discretion grant or take away, and it may prescribe in what cases, and under what circumstances, and from what courts, appeals may be taken; and unless the statute expressly or by plain implication provides for an appeal from a judgment of a court of inferior jurisdiction, none can be taken."

Under §5313 Burns 1901, §4026 Horner 1897, a court of a justice of the peace has exclusive original jurisdiction when the damages for stock killed or injured do not exceed $50, and concurrent jurisdiction with the circuit court when they exceed that amount. Consequently this appeal falls fully within the prohibition of §6, *supra.* Unless the appeal comes within some of the exceptions of §8, or unless the provision of §6 is invalid by reason of its being antagonistic to the State's Constitution, the motion to dismiss the

appeal must be sustained. There is no question relating to the proper construction of a statute presented under the facts and no contention advanced or claim made that it falls within any of the other exceptions enumerated in §8. Counsel for appellant argue that the provision denying appeals in the section in question is prospective, and not retroactive, and inasmuch as the judgment from which it seeks to appeal was rendered and a term time appeal prayed and granted before the passage of the act of 1901, hence, it is contended that the act can not be said to apply to this appeal. The language of §6 is: "No appeal *shall hereafter* be taken". (Our italics). By the use of the word "hereafter" it is clear that the law was intended to apply only to appeals taken after it went into effect, and not to those that had been perfected and were actually pending at the time the act went into force. But this contention can not avail appellant. Had it perfected its term time appeal by filing the transcript in the office of the Clerk of the Supreme Court, as we may assume it might have done, before the 12th day of March, 1901, it would then be in a position to contend that its appeal was not affected by the statute. But as previously shown, under the facts, it abandoned the steps which it had begun towards prosecuting a term time appeal, and attempted to take a vacation appeal long after the statute was in full force and effect. No sufficient reason or argument can be advanced for claiming that the law in question is not intended to apply to appeals from judgments rendered before it went into effect, but taken thereafter. The question as to whether the judgment from which the appeal is attempted to be taken was rendered before or after the time when the statute became effective is not a feature of the law. By the plain letter thereof it was intended to forbid the taking of any and all appeals within the class mentioned and not within some of the exceptions named in §8, after it went into effect, regardless of the time when the judgment from which the appeal is attempted to be taken was rendered. In support of appellant's contention that, in so far as the stat-

ute can be said to deny its right of appeal under the facts in this case it is invalid, we are referred to §4, article 7, of our Constitution, and to §12 of its bill of rights. Section 4 is as follows: "The Supreme Court shall have jurisdiction coextensive with the limits of the State in appeals and writs of error, under such regulations and restrictions as may be prescribed by law. It shall also have such original jurisdiction as the General Assembly may confer."

Section 12 of the bill of rights, provides as follows: "All courts shall be open; and every man, for injury done to him in his person, property, or reputation shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

The creation of a Supreme Court by the Constitution is at least an implied declaration of that instrument that the right of appeal in some class of cases shall exist. An examination of §4, of article 7 discloses that it does not define or mention the class of cases in which the Supreme Court shall have appellate jurisdiction. It is therein declared that this court shall have such jurisdiction "under such regulations and restrictions as may be prescribed by law". While it is certainly true that the legislature under this provision of our fundamental law is not authorized to deprive the Supreme Court entirely of its appellate jurisdiction, still the legislature may not only from time to time enlarge such jurisdiction, but it may also contract the same as public policy may demand or require. It may designate the amount that may authorize an appeal, and, within reasonable limits, it may prescribe the class of cases in which appeals can be taken, and from what courts or tribunals they may be prosecuted. The policy of the framers of our Constitution seems to have been not to prescribe absolutely the boundaries or limits of the jurisdiction of our courts, but to allow a legislative discretion in that respect in order that the varying demands and changing necessities of the people might be satisfied. See, *Branson* v. *Studabaker,* 133

Ind. 147, and authorities there cited; *People* v. *Richmond,* 16 Col. 274, 26 Pac. 929; *McClain* v. *Williams,* 10 S. D. 332, 73 N. W. 72, 43 L. R. A. 287; 2 Ency. Pl. and Pr. pp. 14, 19, and the many authorities hereinbefore cited.

Section 12 of the bill of rights providing that "All courts shall be open," etc., is fully satisfied by a trial in a court of competent jurisdiction in which the right to a jury, in proper cases, as guaranteed by the Constitution, is afforded.

It follows, and we so adjudge, that the provision of the statute denying this appeal is, under the Constitution, a valid exercise of legislative power. The appeal under the facts being forbidden by the statute, the motion to dismiss is therefore sustained.

Appeal dismissed at the cost of appellant.