## EVANS v. ODEM ET AL.

[No. 4,216.   Filed December 18, 1902.

APPEAL.—*In Term Time.*—*Parties.*—*Assignment of Errors.*—It is not neccessary in a term-time appeal, to make coparties not appealing parties to the appeal, nor to name them as appellants or appellees in the assignment of errors.  *p. 208.*

BILLS AND NOTES.—*Extension of Time of Payment.*—*Clause in Note Waiving Defenses.*—*Negotiability.*— A promissory note containing a clause waiving defenses on the ground of any extension of time of payment that might be given by the holder is not negotiable as an inland bill of exchange.  *pp. 211, 212.*

MORTGAGES.—*Execution by Married Woman.*—*Estoppel.*—An affidavit by a married woman, made at the time of the execution of a note and mortgage, setting forth that she had a fee simple estate in the land; that the money borrowed and secured by the mortgage was to pay an encumbrance then on the land, which encumbrance was created for the purpose of improving the property; that the affidavit was made for the benefit of any assignee of the note and mortgage, and with full knowledge that she would thereby be estopped from setting up a defense to the note and mortgage, does not constitute an estoppel against such married woman in favor of an assignee who was not by reason of such affidavit induced to receive the note and mortgage.  *pp. 208–213.*

From Superior Court of Allen County; *E. O'Rourke,* Special Judge.

Suit by Olive L. Odem and another against John P. Evans and others. From a judgment for plaintiffs, defendant Evans appeals.  *Affirmed.*

*T. E. Ellison* and *H. G. Keegan,* for appellant.

*W. G. Colerick, H. C. Larwill* and *Guy Colerick,* for appellees.

ROBINSON, J.—This action was brought by appellees to secure the cancelation of a mortgage and certain notes executed to one Schell, and by him assigned to appellant Evans. The court made a special finding of the facts, with conclusions of law in appellees' favor. The questions argued depend upon whether the court's conclusions of law are right upon the facts found.

The motion to dismiss this appeal, which was postponed until final hearing, is overruled, for the reason that in a term-time appeal, as this is, when a part of any number of coparties against whom a judgment has been taken shall appeal it is not necessary to make such coparties not appealing parties to the appeal, nor to name them as appellants or appellees in the assignment of errors. §647a Burns 1901; *Anderson Glass Co.* v. *Brakeman,* 20 Ind. App. 226; *Lowe* v. *Turpie,* 147 Ind. 652, 37 L. R. A. 233.

The facts found are, in substance: On October 4, 1895, appellee Olive L. Odem executed to one Schell her note for $1,500, payable in three years, at seven per cent. interest, and also six coupon interest notes, each for $52.50, for the semiannual payment of the interest thereon; and at the same time, to secure the payment of all the notes, she executed a mortgage,—her husband joining,—on certain described land, which mortgage was recorded October 7, 1895. Schell assigned the notes and mortgage to one Romy, who assigned them to one Woodruff, who now owns the mortgage and principal note; the coupon notes having been paid as they matured. There was due and unpaid on the debt secured by the mortgage on October 3, 1898, the note of $1,500 and the last of the six coupon notes. On October 3, 1898, appellee Olive L. Odem and her husband, at the request of Schell, called at his office to arrange for the payment of the above mortgage and note for $1,500 which was then due, and Schell advised them that if appellee would execute to him a new note for $1,500, payable three years after date, at six per cent. interest, and six coupon interest notes, and all secured by a mortgage on the land, that he would take up the old mortgage, and the note for $1,500 secured by it, and surrender them to her, and cause the record as to the mortgage to be canceled. This arrangement was satisfactory to appellee and her husband, and thereupon the new notes and mortgage were prepared by her or under the direction of Schell, and are the same notes mentioned in the complaint

and in the cross-complaint of appellant Evans. The sole purpose in executing the new notes and mortgage was to extinguish the old note and mortgage, and was the sole consideration for the execution of the new notes and mortgage; and under that agreement appelles executed the new notes and mortgage and delivered the same to Schell for that purpose and no other, and under his agreement that they should be used for no other purpose, and that they might thereafter call at his office and procure the old note and mortgage. Schell afterwards, in violation of his agreement and promise, wrongfully and unlawfully, and without their knowledge or consent delivered the new notes and mortgage to appellant Evans as a collateral to secure the payment of a debt which he owed Evans, and for which appellees were in no manner liable, and never paid the old note and mortgage nor any part thereof, and made no arrangement with the holder thereof for the payment of the same, nor for the surrender of the note and mortgage to appellees, nor to any other person for them, nor for the cancelation of the record of the mortgage, and had no communication with the holder on that subject; and that the old note, with the mortgage, is a just debt, and remains wholly unpaid, and is a valid lien on the real estate. The new mortgage was recorded October 4, 1898. The consideration that was to have been given for the new notes and mortgage wholly failed, and appellees are entitled to the surrender of the same by appellant, who now has possession of the same and refuses to surrender them, although demanded before bringing suit. The new note for $1,500 provides: "The drawers and indorsers severally waive all defense on the ground of any extension of the time of payment of this note that may be given by the holders of them, or any of them. Coupon notes for the interest on this are hereto attached."

At the time of the execution of the new note and mortgage, and as part of the same transaction, Schell caused ap-

pellee Olive L. Odem to make an affidavit setting forth, among other things, that she was a married woman and had that day executed the bond and mortgage, which are described; that she had a fee simple estate in the land which was free from all encumbrances, except the mortgage that day executed to Schell; that the money that day borrowed and secured by the mortgage was to be used by her exclusively, and not for the separate use of her husband, nor was it to be used for the payment or security for the debt of her husband or any other person, but was to be used to pay an encumbrance then on the land, which encumbrance was created for the purpose of improving the property; that she made the statements for the purpose of inducing Schell to loan her the sum, of money represented by the bond and mortgage, with full knowledge of the law, and of the fact that she would be estopped from setting up any defense to the bond and mortgage; and that the statements made were also made for the benefit of any assignee of the bond or mortgage. The affidavit was delivered to Schell with the new notes and mortgage, and was not intended by her to be used by him in disposing of the notes and mortgage to any person, as she then supposed that Schell intended to cash the notes with his own means, or with money furnished by the loan and investment company of which he was president, and for no other purpose. "The evidence fails to show that said affidavit was delivered by said Schell to said Evans at the time he surrendered to him said new notes and mortgage, or that said Evans was in any manner influenced or induced to receive said new notes and mortgage by reason of said affidavit, or any statements contained therein." By the provisions of the new notes and mortgage, if any part of the debt secured by the mortgage was not paid when due, the whole debt, at the option of the holder, became due at any time after default. That three of the coupon interest notes secured by the mortgage were due and unpaid when appellant filed his cross-complaint in this ac-

tion. Appellee, after the execution of the new notes and mortgage, paid one of the coupon interest notes thereto attached, to appellant; but at the time she paid it she did not know that Schell had failed to pay the old note and mortgage, and then believed he had done so, and that the same were in his possession for her, and did not learn until after the payment was made that he had failed to do so.

The court stated as conclusions of law that (1) the new notes and mortgage were invalid and uncollectible, as they were given without any consideration, and because the consideration intended to have been given for them wholly failed, and that they should be surrendered to appellees, and the record of the mortgage canceled; (2) that the notes were not negotiable as inland bills of exchange, nor governed by the law merchant; (3) that the affidavit made by the appellee Olive L. Odem at the time of the execution of the new notes and mortgage, and as a part of that transaction, did not constitute an estoppel against her in favor of appellant, nor preclude her from defending against the notes.

The questions argued are, that as Schell paid the interest coupon of $52.50, due October, 1898, the new mortgage in the hands of appellant is to that extent a valid lien on the property, and that appellee Olive L. Odem is estopped from assailing the validity of the new notes and mortgage by reason of her affidavit. The finding is silent upon the question of the payment of the interest coupon by Schell, and necessarily so because there is no evidence that he paid it; but there is evidence that the husband of appellee gave his individual note for this interest coupon, and afterwards paid the note.

We have found nothing in the record giving appellant a lien for any amount paid upon the old indebtedness. As the new note contains a clause waiving all defenses on the ground of any extension of the time of payment that might be given by the holder, it was not negotiable as an inland

bill of exchange, and was subject to defenses in the hands of an assignee. *Oyler* v. *McMurray,* 7 Ind. App. 645; *Glidden* v. *Henry,* 104 Ind. 278, 54 Am. Rep. 316; *Mahoney* v. *Fitzpatrick,* 133 Mass. 151, 43 Am. Rep. 502; *Woodbury* v. *Roberts,* 59 Iowa 348, 13 N. W. 312, 44 Am. Rep. 685.

It is a well-settled principle that admissions or representations which have been acted upon by others are conclusive against the party making them, as between him and the party whose conduct he has thus influenced. And it is not necessary that the representations be made expressly to the person influenced, but they may be made in general terms. See *Brickley* v. *Edwards,* 131 Ind. 3. In *Kuriger* v. *Joest,* 22 Ind. App. 633, 646, the rule is thus stated: "Where, by the conduct or representations of one, another is induced to act, or to refrain from acting, and injury results to him, the party making the representations is thereafter estopped from denying the truth of such representations."

The rule is well established that one who insists upon the acts or admissions of another working an estoppel must show that he acted upon and was influenced by such acts or admissions to do some act which would result in an injury if the other is permitted to withdraw or deny the act. The principle underlying the rule is that it would be a fraud in a party to affirm what his previous acts and conduct have denied, when on the faith of that denial others have acted. *Dudley* v. *Pigg,* 149 Ind. 363; *Chaplin* v. *Baker,* 124 Ind. 385; *Simpson* v. *Pearson,* 31 Ind. 1, 99 Am. Dec. 577.

It appears that the affidavit was written upon a separate paper from the mortgage. The court found that appellee delivered the affidavit to Schell with the new notes and mortgage, and it was not intended by her to be used by him in disposing of the notes and mortgage to any person. But the court also found that the evidence failed to show that the affidavit was delivered by Schell to appellant at the time

he surrendered to him the new notes and mortgage, or that appellant was in any manner influenced or induced to receive the new notes and mortgage by reason of the affidavit, or any statements therein contained. The burden was upon appellant to show that he acted upon and was influenced by the statements made in the affidavit, before he can claim that such statements work an estoppel. The finding that there was no evidence that he was induced to act by reason of the affidavit is, in effect, a finding that he was not so induced to act. It is clear from the finding that, as to appellant, appellee was not estopped by reason of the affidavit from showing that the consideration for the new notes and mortgage had wholly failed. See, also, *Jaqua* v. *Montgomery,* 33 Ind. 36, 5 Am. Rep. 168.

The finding of facts is supported by the evidence, and a careful consideration of the whole record discloses that a just and equitable conclusion was reached.

Judgment affirmed.