## HALLAGAN v. JOHNSON.

[No. 8,088. Filed October 24, 1911.]

1. APPEAL.—*Perfecting.*—*Filing Transcript.*—The filing of a transcript is necessary to the perfection of an appeal. p. 498.

2. APPEAL.—*Parties.*—*Death.*—An appeal perfected in the name of a decedent is a nullity. p. 498.

3. APPEAL.—*Parties.*—*Death.*—Where a party dies before perfecting his appeal, his proper representative must take the appeal in his own name. p. 499.

4. APPEAL.—*Jurisdiction.*—*Parties.*—*Consent.*—Where an appeal is taken in the name of a decedent, the consent of the appellee to a substitution of decedent's representative as appellant cannot confer jurisdiction over the appeal; and such appeal will be stricken from the docket for want of jurisdiction. p. 499.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by James W. Johnson against Patrick Hallagan. From a judgment for plaintiff, defendant appeals. *Appeal stricken from docket.*

*Frank Foltz,* for appellant.
*George A. Williams,* for appellee.

HOTTEL, J.—The attention of this court has been directed to a cause now pending herein, with the foregoing title and number, by a petition under oath filed in said cause, entitled a "petition and statement of facts showing the death of appellant, Patrick Hallagan, and asking that his executors be substituted as appellants in this cause," to which petition is attached the certificate of the clerk of the Jasper Circuit Court, showing that letters testamentary, with the will annexed, of the estate of Patrick Hallagan were issued to the petitioners, James M. and Joseph Hallagan, and that they have duly qualified as such executors, and are authorized to take upon themselves the administration of said estate. Appellee's attorney acknowledges service of a copy of the petition, and makes no resistance to the substitution. This petition shows that appellant, Patrick Hallagan, departed this life on July 2, 1911, and the transcript in this cause was not filed in this court until July 8, 1911. The filing of the transcript is one of the steps necessary to perfect an appeal, and to give this court jurisdiction. *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600; Elliott, App. Proc. §§245-251, inclusive.

This appeal, under said showing made by the executors of decedent, was not perfected until after the death of appellant, and was therefore perfected in the name of a dead man. Under such circumstances the appeal is "a fiction, a nullity." *Moore* v. *Slack* (1894), 140 Ind. 38; *Doble* v. *Brown* (1898), 20 Ind. App. 12; *Hurst* v. *Hawkins* (1907), 39 Ind. App. 467; *Taylor* v. *Elliott* (1876), 52 Ind. 588; *Taylor* v. *Elliott* (1876), 53 Ind. 441.

Where the death of either party intervenes between
3. the time of the taking of the judgment and the perfecting of the appeal, the appeal must be taken under §677 Burns 1908, §636 R. S. 1881.

Appellee makes no resistance to the substitution prayed for in the petition, but as the appeal itself is a nullity, this court has no jurisdiction of the case, and
4. any steps taken by it, either with or without the consent of the appellee, would be a nullity.

The petition of the executors of appellant cannot, therefore, be entertained, and this cause is ordered stricken from the docket.