## HELMS ET AL. *v.* COOK.

[No. 8,984.   Filed March 12, 1915.]

1. PARTIES.—*Substitution on Death of Party.—Substitution After Judgment.—Right of Appeal.—Statutes.*—Sections 677, 678 Burns 1914, §§636, 637 R. S. 1881, are to be construed together and, thus considered, substitution on the death of a party after final judgment and before appeal may be made by consent or upon notice to the adverse party, and the right of appeal is clearly provided for; but persons desiring such substitution must fully comply with the provisions of the statute either by procuring the consent of, or by the service of notice on, the adverse party.   p. 262.

2. PARTIES.—*Substitution on Death of Party.—Substitution After Judgment.—Jurisdiction.*—Where a party dies following the rendition of judgment and before appeal has been perfected the jurisdiction of the trial court should be invoked for the purpose of substitution, in the absence of statutory provision to the contrary, since, until all the necessary steps for perfecting an appeal have been taken, including the filing of the transcript and the assignment of errors, neither of the courts of last resort acquires jurisdiction of the appeal. (*Bruiletts Creek Coal Co.* v. *Pomatto* [1909], 172 Ind. 288, distinguished.)   p. 263.

3. APPEAL.—*Parties.—Substitution.*—While there should be a substitution on the death of a party after judgment and before submission of the appeal, substitution after submission is rendered unnecessary by virtue of §705 Burns 1914, §663 R. S. 1881, authorizing judgment to be rendered as of the date of submission; and since an appeal may be perfected as a term time appeal without all coparties to the judgment being joined as coappellants, and without naming as appellees the coparties not joining in the appeal, a term time appeal is good as to all parties who were alive when the transcript and assignment of errors were

filed, though not good as to parties attempted to be substituted for one who died after judgment and before perfection of the appeal, and in such case the names of those as to whom the appeal is not good will be treated as mere surplusage.   p. 265.

4.  APPEAL.—*Precipe.*—*Record.*—Where the precipe for a transcript was general in terms and called for a "transcript of the record of the proceedings in the above entitled cause, and to include therein all papers and pleadings", etc., objections to the transcript on the ground that certain portions of the record were not authorized to be included were not well taken.   p. 267.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Daisy Cook against Lucy Helms and others. From a judgment for plaintiff, the defendants appeal, and plaintiff moves to dismiss the appeal. *Motion overruled.*

*Christian & Christian, J. A. Roberts, A. E. Pinkham, Bell, Kirkpatrick & Voorhis* and *Gentry & Cloe,* for appellants.

*Paul G. Davis, Shirts & Fertig, Phil J. Fariss* and *O. E. Snow,* for appellee.

FELT, J.—This suit was brought by appellee for the possession of, and to quiet the title to certain real estate. She obtained a verdict in her favor on January 16, 1914, and appellants filed a motion for a new trial on February 14, 1914.  On February 21, 1914, the motion for a new trial was overruled, exceptions were reserved by appellants jointly and 120 days were given in which to file all bills of exceptions.  On the same day the court rendered judgment for appellee.  On April 4, 1914, the 72d day of the January term, the same term at which the motion for a new trial was overruled and the judgment rendered, the appellants prayed and were granted an appeal to this court.  The bond was fixed at $6,000, the sureties named and approved and the bond filed on the same day.  Precipe for transcript was filed on April 1, 1914.  On June 2, 1914, at a subsequent term of court, the bill of exceptions containing the evidence was filed and made a part of the record, and appellants then suggested the death of Elva A. McDonald, one of the de-

fendants, and without notice to appellee, and without an appearance by her, obtained an order of the Hamilton Circuit Court substituting for said McDonald, as her only heirs at law, Homer C. Cox, Lillie Leopard, Rose M. Runyan, her children, and Henry McDonald her husband. On the same day the transcript with assignment of errors was filed in this court. The assignment of errors includes among the appellants the substituted parties aforesaid, and ''Alfred Johnson, guardian of Elva A. McDonald'', who was a party defendant prior to the death of his ward.

Appellee has entered a special appearance and moved to dismiss the appeal. One of the grounds of the motion is that the substitution of parties made in the lower court after the appeal was granted and the bond filed, is unauthorized by law, and further that, if authorized by law, it could not be made at a term of court subsequent to that at which the judgment was rendered without notice to the appellee; that no notice was given and she did not appear thereto and had no knowledge thereof. Also that no substitution of parties has been attempted, or made in this court, and the assignment of errors does not show that said substituted parties are made appellants in the place of Elva A. McDonald, deceased, or as her heirs at law.

It is also claimed that the precipe filed on April 1, 1914, did not authorize the clerk to include in the transcript the appeal bond, the record of the proceedings of June 2, 1914, for substitution of parties, or the bill of exceptions containing the evidence. It is also alleged in the motion to dismiss that the motion for a new trial was joint and the exception to the court's ruling thereon was taken jointly by all the defendants; that the naming of the substituted parties aforesaid in, the assignment of errors is of no avail and the joint exception not being good as to part of the appellants named in the assignment of errors, the joint assignment of errors is insufficient to present any question for decision by this court; that there being no separate exceptions, the

APPELLATE COURT OF INDIANA,

separate assignment of errors, if otherwise sufficient, presents no question because the exception to the overruling of the motion for a new trial is joint, and the only error assigned is the overruling of the motion for a new trial; that no steps have been taken in this court to substitute appellants, to give notice, or to otherwise perfect a vacation appeal; that the transcript has been on file and the appeal has been docketed in this court for more than 90 days, and the appeal should be dismissed under Rule 36.

The first question relates to the validity of the substitution of appellants in the Hamilton Circuit Court, at a term subsequent to that at which the motion for a new

1. trial was overruled, the judgment rendered, the appeal granted and the bond filed.

Section 272 Burns 1914, §271 R. S. 1881, provides for substitution of parties before judgment. Sections 677, 678 Burns 1914, §§636, 637 R. S. 1881, are as follows: 677. "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." 678. "The death of any or all the parties shall not cause the proceedings to abate; but the names of the proper persons being substituted, upon consent or upon notice, the cause may proceed." These sections clearly make provision for an appeal where death of any of the parties occurs after judgment is rendered and "before an appeal is taken". The two sections are to be construed together, and the latter provides for substitution of parties "upon consent or upon notice" to the adverse party.

In the case at bar there was an attempted substitution of the heirs of Elva A. McDonald, deceased, at a term subsequent to that at which the judgment was rendered, the appeal granted and the bond filed. Appellants do not claim that any notice was given appellee or that she appeared in

the proceedings for substitution but contend that notice was not necessary. It is fundamental that a party claiming the benefit of a statute must bring himself within its provisions. Appellants rely on the statute which authorizes substitution, but have failed to comply with the provision which authorizes substitution only upon notice, or by consent of the adverse party or parties. *Pabst Brewing Co.* v. *Shuster* (1914), 55 Ind. App. 375, 103 N. E. 950; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147; *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535. The term of court having passed at which the judgment was rendered and the appeal granted, it would seem that on general principles of jurisprudence, aside from the statute, the adverse party should have had notice before the record was changed by the substitution of parties, or otherwise. But the statute is plain and those invoking it must comply with its provisions before they can claim the rights and benefits which it confers.

There seems to be some room for contention as to where the jurisdiction lies for the purpose of substitution of parties after judgment and before the transcript and assignment of errors are filed in the appellate tribunal. The statute does not definitely settle the question but the weight of authority on analogous questions leads to the conclusion that the jurisdiction of the trial court may be invoked on proper notice, or by consent, at any time before the appeal is perfected by the filing of the transcript and assignment of errors, and the giving of notice when necessary. *Western Union Tel. Co.* v. *Adams* (1902), 28 Ind. App. 420, 427, 63 N. E. 125; *Branham* v. *Johnson* (1878), 62 Ind. 259; *Ragle* v. *Dedman* (1910), 45 Ind. App. 693, 695, 91 N. E. 615; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 603, 62 N. E. 443; *Moore* v. *Slack* (1895), 140 Ind. 38, 41, 39 N. E. 237; *Bruiletts Creek Coal Co.* v. *Pomatto* (1909), 172 Ind. 288, 294, 88 N. E. 606; 2 Cyc. 778, 779. It has been decided many times that neither of our courts of last resort acquires jurisdiction of an appeal

until all the steps required by the statute authorizing the
appeal have been taken in conformity therewith, including
the filing of the transcript and the assignment of errors.
*Shedd* v. *American Maize, etc., Co.* (1910), 175 Ind. 86, 93
N. E. 447; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 606,
95 N. E. 233; *Chicago, etc., R. Co.* v. *Walton* (1905), 165
Ind. 642, 645, 74 N. E. 988; *Halligan* v. *Johnson* (1911),
48 Ind. App. 497, 498, 96 N. E. 166; *Cincinnati,.etc., R. Co.*
v. *Acrea* (1907), 40 Ind. App. 150, 156, 81 N. E. 213; *Brown*
v. *Brown* (1907), 168 Ind. 654, 655, 80 N. E. 535; *Continen-
tal Ins. Co.* v. *Gue, supra; Ragle* v. *Dedman, supra; Lake
Erie, etc., R. Co.* v. *Watkins, supra; Barney* v. *Elkhart
County Trust Co.* (1906), 167 Ind. 505, 507, 79 N. E. 492;
*Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 288, 32
N. E. 885.   It follows therefore that the trial court may
have done all that is necessary to authorize an appeal, and
for failure of the appellants to take the necessary steps
thereafter, the court to which the appeal is granted may
never acquire jurisdiction of the appeal.   During the inter-
im between the action of the trial court authorizing the ap-
peal and the filing of the transcript and assignment of
errors in the higher court, neither court has jurisdiction so
as to bind the parties in matters not already authorized by
the judgment, or the statute, except upon due notice to the
adverse party or by his consent or appearance.   The court
has jurisdiction, but to invoke it, there must be notice or its
equivalent.   Until the transcript with an assignment of
errors is filed in the appellate tribunal, thereby invoking its
jurisdiction, the better reason suggests that in the substitu-
tion of parties and all matters essential to the appeal, the
jurisdiction of the trial court should be invoked, unless the
statute plainly provides otherwise.   Our statute contains no
such provision and the numerous decisions holding that
neither the Supreme Court, nor this court, acquires any
jurisdiction over an appeal until all the steps are taken to
invoke jurisdiction, indicate that until a transcript with an

assignment of errors is duly filed, the law contemplates that all prior proceedings should be in the trial court from which the appeal is taken.

In arriving at this conclusion, we have not overlooked the case of *Bruiletts Creek Coal Co.* v. *Pomatto, supra,* in which some things are said which do not seem in entire harmony with many decisions of the Supreme Court rendered both prior and subsequent thereto. But it will be observed that in that case the motion for substitution was filed in the Supreme Court long after the transcript was filed, and the case does not decide that the jurisdiction of the trial court may not be invoked to substitute parties where death of a party occurs after the appeal is granted and before the transcript is filed in the appellate tribunal. But in any case where substitution is necessary, the statute only authorizes it on notice or by consent, and to make a valid substitution in either court, compliance with the statute must be shown. So that regardless of the question of the court to which appellants should have applied, they failed to obtain a legal substitution for lack of notice required by the statute.

By virtue of §705 Burns 1914, §663 R. S. 1881, after submission, substitution is not necessary for it authorizes judgment to be rendered as of the date of submission. The enactment of this section in connection with §§677, 678 Burns 1914, *supra,* clearly indicates that on the death of a party, after judgment, and before submission, the proper party or parties as heirs or legal representatives should be substituted. But the appeal in this case was perfected as a term time appeal and under §675 Burns 1914, Acts 1895 p. 179, is good as to the parties who were alive when the transcript and assignment of errors were filed, unless the unsuccessful attempt at substitution and the effort to perfect an appeal by all the defendants, including the heirs of the one that died after the appeal was granted and the bond filed, deprives the parties who were before the court of the benefit of the statute which authorizes a term

time appeal by part of several coparties without notice to those not joining in the appeal. We are unable to find where this exact question has been presented or decided by either the Supreme Court or by this court. There are numerous decisions to the effect that in a term time appeal those desiring to appeal need not make their coparties to the judgment coappellants with them, or name them as appellees in the assignment of errors. *Lowe* v. *Turpie* (1897), 147 Ind. 652, 691, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Evans* v. *Odem* (1902), 30 Ind. App. 207, 65 N. E. 755; *Keiser* v. *Mills* (1903), 162 Ind. 366, 369, 69 N. E. 142; *Gunn* v. *Haworth* (1902), 159 Ind. 419, 420, 64 N. E. 911; *Pein* v. *Miznerr* (1908), 170 Ind. 659, 663, 84 N. E. 981; *Morton* v. *Gaffield* (1911), 48 Ind. App. 172, 95 N. E. 593; *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 541, 91 N. E. 7; *Cincinnati, etc., R. Co.* v. *Acrea, supra.* The statute provides that the party not named shall be bound by the judgment on appeal and may, within the time allowed for taking an appeal, assign errors upon the record and have all the rights in relation to such appeal that he would have had if he had joined in the appeal originally. In view of the provisions of the statute, we hold that the appeal is good as to all the appellants except the deceased party and .those who were attempted to be substituted as her heirs. The joining in the assignment of errors of the guardian of the deceased defendant and the use of the names of those suggested as her heirs at law, may be treated as surplusage or as a mere irregularity in pleading, which does not affect the substantial rights of any of the parties and which could have been remedied at any time within the time allowed to take an appeal, by a proper proceeding for substitution and an assignment of errors by the omitted parties. §407 Burns 1914, §398 R. S. 1881. See, also, *Bruiletts Creek Coal Co.* v. *Pomatto, supra; Branham* v. *Johnson, supra; Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 516, 88 N. E. 932; *Hurst* v. *Hawkins* (1907), 39 Ind. App. 467, 79 N. E. 216, 80 N. E. 42.

The precipe in this case is general in terms and calls for a "transcript of the record of the proceedings in the above entitled cause, and to include therein all papers and

4. pleadings," etc. In *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666, 667, 103 N. E. 737, there was a precipe similar to the one in this case. The court in passing on its sufficiency quoted the rule requiring the clerk to follow the precipe in making up the transcript and then said: "But this rule is applicable only when the special precipe stands alone. In this case, it will be observed, there is a general precipe, followed by special directions as to certain papers and entries. Under such circumstances, unless the special directions are in conflict with the general precipe, the latter controls and the office of the special precipe is merely to keep the clerk from omitting parts of the record which appellant deems important. The general precipe in this case is broad enough to include the final judgment and such entry is properly a part of the record." The objections to the transcript based on the insufficiency of the precipe are not well taken. *Tobaugh* v. *Grogg* (1901), 156 Ind. 355, 59 N. E. 1060; *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 167, 67 N. E. 556; *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 203, 96 N. E. 337, 97 N. E. 529; *Chicago, etc., R. Co.* v. *Cobler* (1909), 172 Ind. 481, 87 N. E. 981.

The motion to dismiss the appeal is overruled.

Hottel, C. J., Caldwell, P. J. and Shea, Ibach and Moran, JJ., concur.

NOTE.—Reported in 108 N. E. 147. See, also, under (1) 2 Cyc. 769, 778; (2) 2 Cyc. 778; (3) 2 Cyc. 770, 771; (4) 3 Cyc. 96.