## BOYLES ET AL. *v.* HOCH ET AL.

[No. 23,057.   Filed February 14, 1917.]

1. APPEAL.—*Record.—Amendment.—Motion to Dismiss.*—Where appellants have, by leave of court, properly amended their assignment of errors and the index to the transcript after the filing of a motion by appellee to dismiss the appeal, the motion to dismiss must be overruled.   p. 95.

2. APPEAL.—*Proceedings for Review.—Transcript.—Praecipe.*— Where there is a general praecipe, which includes the judgment and is followed by special directions as to certain papers and entries, the latter will be controlled by the general praecipe, unless in conflict therewith, so that the failure to include the judgment in the special directions will not affect the appeal. p. 95.

3. APPEAL.—*Record.—Conflict.—Recital in Bond.*—On an appeal to the circuit court from the board of commissioners, an express provision of the bond which shows an appeal from a judgment "establishing the drain and confirming the assessments," is

sufficient to overcome the ambiguity arising from a clerical error dating the judgment subsequent to the date of the appeal. p. 96.

4.   APPEAL.—*Assignment of Errors.—Joint or Separate Assignments.*—Where a particular motion or pleading is joined in by two or more persons in identically the same right or interest, it is either joint or several or both, and if there is one action or ruling which affects all alike, the exceptions thereto and the assignments based thereon may be either joint or several, or both, and, on appeal, the motion or pleading, the exceptions and the assignment of errors will be construed in harmony as to their form, unless such construction is clearly incompatible with the record. p. 96.

5.   DRAINS.—*Proceedings to Establish.—Filing Remonstrance.—Time.*—Under §6143 Burns 1914, Acts 1907 p. 508, 515, providing that the filing of a remonstrance to the report of the drainage commissioners in the office of the clerk of the circuit court shall be a sufficient filing thereof, whether in term time or vacation, when construed with §6151 Burns 1914, Acts 1907 p. 508, 532, relating to the proceedings for the establishment of a drain on petition to the board of county commissioners, when the drainage proceeding is instituted before the board of commissioners and a remonstrance is properly filed with the county auditor within the time allowed by law, but is not actually presented to the board until after the statutory period for remonstrating has expired, the issues presented thereby must be heard and determined, and it is error to strike out such remonstrance. p. 97.

6.   APPEAL.—*Review.—Waiver of Error.*—Cross-errors assigned by appellee are waived by failure to brief them. p. 97.

From Pulaski Circuit Court; *Charles H. Peters,* Special Judge.

Drainage proceeding on the petition of Jane Hoch and others. From the judgment rendered, Mary A. Boyles and others appeal. *Reversed.*

*Reidelbach & Reidelbach, John M. Spangler* and *Myers & Gates,* for appellants.

*Nye & Capouch,* for appellees.

SPENCER, J.—This is a proceeding instituted by certain of the appellees before the board of commissioners of Pulaski county for the establishment of a public drain in that county. The petition was regularly docketed as

an action pending and the matter referred to drainage commissioners, who subsequently filed a report favorable to the proposed improvement. Within ten days thereafter appellants, who are the owners as tenants in common of certain land to be affected by the drain in question, joined in filing with the auditor of Pulaski county a remonstrance for cause, but this remonstrance was not presented to the board of commissioners until after the statutory period for remonstrating had expired, and it was then met by appellees' motion to strike the same from the files on the ground that it was not seasonably presented. This motion was sustained by the board of commissioners and a judgment entered establishing the proposed drain. An appeal was taken to the Pulaski Circuit Court where, on a hearing *de novo*, a similar motion to strike out the remonstrance was sustained and that ruling, among others made in the proceeding, is here presented for review.

Before passing to the merits of the case we have first to consider several questions of appellate procedure which have been raised by appellee. These

1. questions are in part suggested by appellees' motion to dismiss the appeal, but since the filing of that motion appellants have, by leave of court, properly amended their assignment of errors and the index to the transcript, and the motion to dismiss must therefore be overruled.

The next objection may be disposed of by an application of the rule that where, as in this case, there is a general praecipe, which includes the judgment

2. and is followed by special directions as to certain papers and entries, the latter will be controlled by the general praecipe, unless in conflict therewith, so that the failure to include the judgment in the special directions will not affect the appeal. *Hartlage* v. *Louisville, etc., Lighting Co.* (1913), 180 Ind. 666,

103 N. E. 737; *Helms* v. *Cook* (1914), 58 Ind. App. 259, 267, 108 N. E. 147.

It is also urged that the transcript shows only an attempted appeal to the circuit court from an interlocutory order of the board of commissioners but the express provision of the bond which shows an appeal from a judgment "establishing the drain and confirming the assessments" is sufficient to overcome the ambiguity arising from what is obviously a clerical error as to the date of that judgment. The bond was corrected and an appeal properly perfected to the circuit court where the cause stood for trial *de novo*.

Finally, it is insisted that the assignment of errors, which is separate and several, presents no question as to the ruling of the trial court in striking out appellants' joint remonstrance, even though they reserved separate exceptions to the ruling. A review of the decisions on this branch of appellate procedure will sustain the position taken by counsel for appellants that where, as in this case, a particular motion or pleading is joined in by two or more persons in identically the same right or interest, it is either joint or several, or both, and if there is one action or ruling which affects all alike, the exceptions thereto and the assignments based thereon may be either joint or several, or both, and, on appeal, the motion or pleading, the exceptions and the assignment of errors will be construed in harmony as to their form, unless such a construction is clearly incompatible with the record. *Southern R. Co.* v. *Bretz* (1913), 181 Ind. 504, 506, 104 N. E. 19; *Ditton* v. *Hart* (1910), 175 Ind. 181, 185, 93 N. E. 961; *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 609, 78 N. E. 845, 119 Am. St. 524.

Proceeding now to a consideration of the ruling on appellees' motion to strike appellants' remonstrance

from the files, it may be conceded that under former drainage laws it was necessary actually to present a remonstrance to the circuit court within the statutory period and it was not sufficient simply that such remonstrance should be filed with the clerk of the court. *Gilbert* v. *Hall* (1888), 115 Ind. 549, 553, 18 N. E. 28. That decision, however, is based on the drainage law of 1883 (Acts 1883 p. 173) which contains no provision equivalent to the mandate of the present law that "the filing of such remonstrance in the office of the clerk of such circuit court shall be a sufficient filing thereof under this act whether in term time or vacation." §6143 Burns 1914, Acts 1907 p. 508, 515. There can be no doubt that the provision just quoted was intended by the legislature as a modification of the rule which previously existed and that the filing of a remonstrance with the clerk in proper time is sufficient to entitle the remonstrator to a hearing. By construction of this provision with §6151 Burns 1914, Acts 1907 p. 508, 532, it follows that when the drainage proceeding is instituted before a board of commissioners and a remonstrance is properly filed with the county auditor within the time allowed by law, the issues presented thereby must be heard and determined. We hold, therefore, that the Pulaski Circuit Court erred in striking out appellants' remonstrance to the report of the drainage commissioners. This conclusion renders unnecessary a consideration of other questions presented by the appellants.

Certain alleged cross-errors which were assigned by appellees have been waived by a failure to brief the same.

Judgment reversed, with instructions to the trial court to overrule appellees' motion to strike out ap-

pellants' remonstrance and for further proceedings not inconsistent herewith.

NOTE.—Reported in 115 N. E. 52. See under (1) 2 Cyc 1005; 3 C. J. 1399; (2) 3 C. J. 1352.