PHROMMER ET AL. *v.* ALBERS, RECEIVER.

[No. 16,069.   Filed May 23, 1939.]

*Carl A. Huebner,* for appellant.

*M. J. Fagan* and *Nick Valasina,* for appellee.

DeVoss, J.—Appellee brought suit against appellants predicated upon a complaint in three paragraphs. The first paragraph was on account, the second paragraph was for money had and received, and the third paragraph was on a promissory note executed in the State of Illinois and payable therein.

Appellant filed an answer in three paragraphs to the complaint; the first paragraph was in general denial, the second, plea of payment, and the third paragraph alleged that the note sued on was a cognovit note, and was void as against public policy and unenforceable in the State of Indiana. Appellee filed his reply in general denial to the second and third paragraphs of appellant's answer.

The cause was submitted to the court for trial without a jury. At the close of appellee's case the court sustained the motion of appellants for a finding for them on the first and second paragraphs of complaint. At the close of all of the evidence the court found for appellee on the third paragraph of complaint in the sum of $4,649.50 plus $300.00 attorney fees and costs, and rendered judgment therefor. Appellee thereafter filed a remitter in the sum of $300.00 of said judgment recovered as attorney fees.

Appellants filed their motion for a new trial in due time, which was overruled by the court, and appellants assign as sole error in this court the overruling of said motion for a new trial.

The motion for a new trial specifies eight reasons as follows: (1) the decision of the court is not sustained by sufficient evidence; (2) the court's decision is contrary to law; (3) the assessment of recovery is too large; (4, 5 and 6) the admission and rejection of evidence; (7) error of court in overruling appellant's motion for a continuance; and (8) assessment of amount of recovery.

Appellee contends that no question has been presented for review on this appeal; that the only assigned error is founded on the motion for a new trial and that such motion is not properly before this court for the reason that appellants' praecipe does not include said motion.

The praecipe reads as follows:

STATE OF INDIANA } SS:
COUNTY OF LAKE

IN THE LAKE SUPERIOR COURT
GARY, LAKE COUNTY, INDIANA

CHARLES H. ALBERS, as Receiver of the CALUMET CITY STATE BANK *vs.* JOHN G. PHROMMER and HELEN P. PHROMMER } Cause No. 39556

PRAECIPE FOR TRANSCRIPT

To: GEORGE W. SWEIGART,
Clerk of the Lake Superior Court Room No. 4.

You are hereby requested to prepare and certify a *complete transcript of the entire record of the above-entitled cause, including all pleadings filed herein,* all orders and the judgment entered herein, and the bill of exceptions filed herein, to be used on appeal to the Appellate Court of Indiana.

Dated this 7th day of July, 1937.

CARL A. HUEBNER,
Attorney for defendants.

To sustain his contention appellee cites the case of

*Bowers, Trustee* v. *Shadbolt et al.* (1937), 103 Ind. App. 181, 182, 5 N. E. (2nd) 987. In that case the praecipe called for a ". . . full, true and complete transcript of the complaint and answers on file, transcript from the Porter Circuit Court, motion for a new trial, appeal bond, request for special finding of facts, and all order book entries, including special finding of facts and the judgment rendered in the above entitled cause . . ." It will be noted that this praecipe was not a general one, and the court properly held that where the clerk was directed specifically what to include in the transcript, and pleadings, papers and entries not called for by the praecipe are included in the transcript by the clerk, they do not become a part of the record on appeal.

In the case of *Boyles* v. *Hoch* (1917), 186 Ind. 93, 115 N. E. 52, the court held that where there is a general praecipe filed, which includes the judgment, and is followed by special directions as to certain papers and entries, the latter will be controlled by the general praecipe, unless in conflict therewith, so that the failure to include the judgment in the special directions will not affect the appeal.

It is our opinion that the praecipe filed in the instant case was a general praecipe followed by special directions and the motion for a new trial was included in the praecipe requesting "a complete transcript of the entire record of the above-entitled cause, including all pleadings filed herein . . ." and that it comes within the rule of liberal construction as stated in the last above mentioned case.

Appellant questions the validity of the note sued on by reason of the cognovit features thereof and cites the statutes of Indiana.

In the case of *Fodor* v. *Popp* (1931), 93 Ind. App. 429, 433, 178 N. E. 695, wherein the question of the validity of a cognovit note was involved, the court said:

"Was the execution of the note upon which suit was brought, and its acceptance and retention by appellee, a violation of the statute heretofore mentioned? If so, no cause of action can be predicated thereon. Courts will not lend their aid to enforce a contract which contravenes the provisions of a statute. A cognovit note executed in this state, growing out of a contract made in the state since the Acts of 1927, *supra*, became effective, is void." *State Bank* v. *Coquillard* (1855), 6 Ind. 232; *Cassaday* v. *American Ins. Co.* (1880), 72 Ind. 95; *City of Indianapolis* v. *Wann, Rec.* (1896), 144 Ind. 175, 42 N. E. 901, 31 L. R. A. 743; *Winchester Electric Light Co.* v. *Veal* (1895), 145 Ind. 506, 41 N. E. 334, 44 N. E. 353; *Moorhouse* v *Kunkalman* (1911), 177 Ind. 471, 479, 96 N. E. 600.

The complaint in the instant case alleges among other things that the note was executed in the State of Illinois and payable therein, and that the form of said note was legal and proper in said state. It is noted that there was no attempt made to enforce any of the cognovit features of the note in this cause, but that the proceedings were in accordance with the Indiana Civil Practice.

"We have found no authority in this or any other state which prevents recovery upon a contract, which contains cognovit features and valid where made, if the cognovit features are not relied upon in the action to recover." *American Furniture Mart Building Corp.* v. *W. C. Redmon, Sons & Co.* (1936), 210 Ind. 112, 118, 1 N. E. (2nd) 606.

There appears to be no question as to the validity of the note in suit herein, in Indiana, if the same was, at the time and place of its execution and payment, a valid contract.

The law is well stated in 12 American Jurisprudence 769, §240, as follows: "It is commonly said that the

existing statutes and the settled law of the land at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention. This rule is elaborated to the effect that the laws which exist at the time and place of making a contract and at the place where it is to be performed, affecting its validity, construction, discharge, and enforcement, enter into, and form a part of it as if they were expressly referred to or incorporated in its terms."

One of the material allegations of plaintiff's complaint is that the note sued on was a valid contract in the State of Illinois. This is a necessary allegation and a failure of proof thereof by appellee would be fatal to a recovery.

We have diligently searched the record and at no place do we find any proof made or any evidence offered to establish the law of Illinois. We think the evidence as a whole failed to contain all the elements essential to a finding in appellee's favor.

This cause was submitted on November 18, 1936. On the first day of July, 1937, there became effective in the State of Indiana "The Uniform Judicial Notice of Foreign Law Act." While this law is remedial, we do not deem it retroactive to the extent that this cause could be affirmed.

Other questions are raised and discussed by appellant which will not, in all probability, arise on a retrial hereof.

The finding is not sustained by sufficient evidence. Judgment reversed with instructions to trial court to grant a new trial.