PHEND *v.* MIDWEST ENGINEERING AND EQUIPMENT COMPANY.

[No. 14,093.   Filed October 7, 1931.]

*Howard R. Inebnit,* for appellants.
*George R. Harper,* for appellee.

NEAL, C. J.—The pleadings herein are a complaint in replevin and answer in general denial. Trial before court; request for a special finding, which was granted; facts found specially; conclusions of law stated thereon and the exceptions taken to each conclusion of law. The error assigned challenges separately and severally each of the conclusions of law.

A resume of the special findings is as follows: On February 9, 1928, the Midwest Engineering and Equipment Company, plaintiff (appellee herein), a corporation of the State of Illinois, with principal office in the city of Chicago, and one Ray Messick of the city of Goshen, Indiana, entered into a written contract for the conditional sale and installation of a refrigerating machine and equipment to be used as part of the fixtures of a meat-market stand owned and operated by Messick; that the written contract, by its several provisions, stipulates that, until the full purchase price for the equipment furnished, to wit, $1,080, shall have been paid in full and in cash, that the ownership of, and all property rights in the plant to be delivered to Messick, shall remain in the seller; that in case of failure or refusal on the part of the purchaser to make payments, or any of

them, when due under the contract, or to make settlement by the execution and delivery of notes or other obligations as herein agreed, or to pay any note that may be given the seller as the same shall become due, then, and in any of such events, the whole of the unpaid portion of the purchase money howsoever secured and whenever payable arising under the contract, at the seller's option, shall become immediately due and payable; that, in the event of such default, the seller may enter upon the premises where the plant is located and take possession and remove the same; that the purchaser shall pay the purchase prices as follows: 10 per cent in cash upon the signing of the contract, 25 per cent in cash when the apparatus is installed and operating, and the balance in 18 monthly notes with interest at 6 per cent; that the title to the apparatus described herein shall remain in the Midwest Engineering and Equipment Company until all obligations arising by virtue of the contract have been paid; that the agreement does not become operative until approved by an executive officer of the Midwest Engineering and Equipment Company at its office in Chicago, Illinois; that the agreement was signed by Messick on February 7, 1928, and signed and approved at the general office of appellee on February 9, 1928; that the several cash payments were made as required by the terms of the contract, and Messick executed 18 promissory notes at Goshen, Indiana, each note being in the sum of $39, dated March 2, 1928, payable to the order of appellee, one note falling due each month for a period of 18 months; that each note bore 6 per cent interest per annum after maturity, and each of the notes was a judgment or cognovit note, and contained provisions to the effect as follows: That to secure the payment of the amount set out in the note, the payee authorized irrevocably any attorney of any court of record to appear for him in such court in term time

or vacation, at any time after the due date, and confess a judgment, without process, in favor of the legal holder of the note for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney fees, and to waive and release all errors which may intervene in such proceedings and consent to immediate execution upon such judgment, hereby ratifying and confirming all that his attorney may do by virtue thereof; that thereafter, and upon the respective due dates, Messick paid to appellee the first seven notes of the series and thereafter, and before the filing of the complaint, Messick closed and dismantled the meat market, sold and delivered the refrigerating machine and equipment to the appellants, who installed and are using the refrigerating machine in their dairy at Goshen, Indiana; that neither Messick nor appellants have paid the judgment notes numbered from 8 to 18 inclusive, each in the sum of $39, and the same remain unpaid; that Messick executed to Phend and Phend a bill of sale for the refrigerating machinery and equipment; that plaintiff (appellee herein) has not been paid the balance of the purchase price of the machinery and equipment; that the property is now of the value of $500; that on August 16, 1929, prior to the filing of the complaint, plaintiff made written demand on Messick and the defendants (appellants herein) for the immediate possession of the refrigerating machinery and all parts, which demand was separately refused by appellants and Messick; that thereafter, plaintiff filed its action against the defendants (appellants herein) to recover possession of the property.

The court stated its conclusions of law thereon, three in number, and they are in tenor as follows: (1) Plaintiff is the owner and entitled to the possession of the articles of property described in the complaint and that the same are of the value of $500; (2) plaintiff is en-

titled to recover damage for the unlawful detention thereof in the sum of $1; and (3) plaintiff is entitled to recover its costs. Exceptions taken, and the judgment followed the conclusions of law.

Appellants' propositions are: (1) That the special finding of facts shows that one Ray Messick, conditional purchaser of the refrigerating machine in question, executed his promissory cognovit notes at the time of the completion of the installation of the machine, in accordance with the contract, as evidence of, and in payment of, the balance of the purchase price; therefore, the cognovit or judgment notes became a part of the contract and purchase of sale; (2) the execution of the cognovit notes and acceptance of the same by appellee were unlawful and avoided the contract between Messick and appellee. Acts 1927, ch. 66, p. 174, §§640.1, 640.2 Burns Supp. 1929, Acts 1927, ch. 227, p. 656, §640.3 Burns Supp. 1929; (3) Messick could lawfully retain the refrigerating machine although the original contract of purchase and sale was unlawful and void; and (4) courts will not be made the instrument of enforcing an obligation arising out of a contract which is illegal.

It is the general rule as contended for by appellant "that, in the absence of anything to indicate a contrary intention, instruments executed at the same time by the same parties for the same purposes and in the course of the same transaction are, in the eye of the law, one instrument and will be read and construed together." 6 R. C. L. §240, p. 850. However, the application of the above rule of law, if applicable to the existing state of facts, does not necessarily make the conditional-sales contract void. It is to be observed that the conditional-sales contract, which was executed in the State of Illinois under date of February 9, 1928, provided that the balance of the purchase price was to

be evidenced by promissory notes, each in the principal sum of $39, drawing interest at the rate of 6 per cent, one note falling due each consecutive month for a period of 18 months. There is no stipulation in the conditional-sales contract that the several promissory notes were to contain the usual terms and conditions of a cognovit or judgment note. The notes executed by Messick were of the date of March 2, 1928.

In the instant case, we have a valid conditional-sales contract entered into between Midwest Engineering Company and Messick. The contract expressly stipulated that title to the personal property delivered to Messick should remain in appellee until the purchase price was paid in full. Such a contract is recognized by the law, and title to the refrigerating equipment did not pass to Messick and was not to vest in Messick until all the stipulations agreed to be performed had been fully performed. Messick, by sale to appellants, could not transfer a stronger title to the refrigerating equipment than was given to him by the stipulations and agreements contained in the contract. See *Southern Finance Co.* v. *Mercantile Disc. Corp.* (1923), 80 Ind. App. 436, 141 N. E. 250; *West* v. *Fulling, Trustee* (1905), 36 Ind. App. 617, 76 N. E. 325; *Andre* v. *Murray* (1913), 179 Ind. 576, 101 N. E. 81, L. R. A. 1917B 667, Ann. Cas. 1916A 87.

If we take the position that the cognovit notes were illegal and void, and made so by the provisions of law (Acts 1927, ch. 66, p. 174 and ch. 227, p. 656, §§640.1, 640.2 Burns Supp. 1929), nevertheless the execution of the several cognovit notes was a distinct transaction and can be separated from the valid acts of the parties. The original contract can, therefore, be enforced against appellants. See *Hynds* v. *Hays* (1865), 25 Ind. 31; *Pierce* v. *Pierce* (1897), 17 Ind. App. 107, 46 N. E. 480; *Emshwiler, Admr.,* v. *Tyner*

(1899), 21 Ind. App. 347, 52 N. E. 459, 69 Am. St. 360; *Smith* v. *Yost* (1919), 72 Ind. App. 628, 125 N. E. 73.

It was not necessary, in order that appellee be able to recover, that it rely upon the alleged illegal cognovit notes. All the provisions of the original contract could have been performed in a legal manner.

The several provisions of the original contract being valid, they will not be declared void because some of them were partly performed in an illegal manner. *Hogston* v. *Bell* (1916), 185 Ind. 536, 112 N. E. 883; *Fox* v. *Rogers* (1898), 171 Mass. 546, 50 N. E. 1041.

We find no reversible error.

Judgment affirmed.