## FODOR ET AL. *v.* POPP.

[No. 14,235.   Filed December 9, 1931.]

D. D. *Nemeth* and *Walter R. Arnold,* for appellants.
*Seebirt, Oare, Deahl & Omacht,* for appellee.

BRIDWELL, C. J.—Appellee instituted this action against appellant Fodor and Frank H. Morris.   During the pendency of the action, Frank H. Morris died, and appellant Marjorie B. Morris, as administratrix of his estate, was substituted as a party defendant.   Appellee then filed an "amended and supplemental complaint" against appellants, which, omitting caption and signatures, is as follows:   "Plaintiff complains of the defendants and for her cause of action alleges:

"That, on or about August 24, 1927, the plaintiff was

the owner of certain real estate located in the city of South Bend, St. Joseph County, Indiana; that the defendant Fodor and one Frank H. Morris at said time purchased said real estate of the plaintiff and the plaintiff either assigned or conveyed said real estate, or her interest therein, to said persons pursuant to their contract of purchase and sale; that, in part payment of the purchase price of said real estate, the defendants executed and delivered to the plaintiff their promise to pay the plaintiff the sum of One thousand five hundred sixty and 32/100 dollars ($1,560.32), six (6) months after said date. That said promise so executed by said persons is in the words and figures as follows:

" '$1,560.32 Aug. 24, 1927.

" 'Six months after date, for value received, we promise to pay to the order of HELEN POPP One Thousand five hundred.......................32/100 Dollars with interest at the rate of .. per centum per annum at The Fodor State Bank and ...... hereby authorize any Attorney at Law to appear in any Court of Record in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against......................... in favor of the holder hereof for the amount then appearing due, together with costs of suit, and thereupon to release all errors and waive all right of appeal.

" 'JULIUS FODOR & FRANK H. MORRIS
" 'By FRANK H. MORRIS.'

"That by mutual mistake of the parties in drafting said promissory note the written letters of said note stating the amount to be paid thereon was written as, 'One thousand five hundred......32/100 Dollars,' but that the amount stated in said note in figures as '1,560.32' was and is the true and correct amount of the debt due and owing from the said persons to the plaintiff, and that it was intended by the parties to promise

to. pay the sum of One Thousand Five Hundred sixty and 32/100 Dollars ($1560.32) and not the sum of One Thousand Five Hundred and 32/100 Dollars ($1500.32).

"That the said persons, on the ...... day of December, 1928, paid the plaintiff on the principal of said note the sum of Two Hundred fifty dollars ($250.00), but that the balance of the principal and interest thereon at the rate of six per cent (6%) per annum from the 24th day of February, 1928, all in the sum of Fourteen Hundred Dollars ($1400) is now due and unpaid.

"That said promissory note should be reformed so as to read that the amount to be paid is the sum of One Thousand Five Hundred sixty and 32/100 Dollars ($1560.32) instead of One Thousand Five Hundred and 32/100 Dollars ($1500.32).

"That since the bringing of this action Frank H. Morris has died and Marjorie B. Morris is the duly appointed, qualified and acting administratrix of his estate.

"Wherefore, the plaintiff prays for judgment, the reforming of said note in the particulars above stated, and awarding her judgment in the sum of fourteen hundred dollars ($1400.00) her costs and for all other proper relief."

Appellants filed a demurrer to the complaint on the ground that it "fails to state facts sufficient to constitute a cause of action against either or both of said defendants." This demurrer was overruled and appellants each excepted. An answer of general denial was then filed. The cause was submitted to the court for trial, and there was a finding and judgment for appellee in the sum of $999.45, and costs, from which judgment this appeal is taken, the sole error assigned being that the court erred in overruling appellants' demurrer to the amended and supplemental complaint.

Appellants support their demurrer by memorandum

in which they assert that it affirmatively appears from the facts stated in the complaint that the written instrument upon which suit was brought is a cognovit note executed on August 24, 1927, after ch. 227 of the acts of the General Assembly of this state for the year 1927 (Acts 1927 p. 656) was in force and effect; that such a note is void in this state and cannot be enforced.

Our statute, Acts 1927, *supra,* defines a cognovit note as follows: "That any negotiable instrument, or other written contract to pay money, which contains any provision or stipulation giving to any person any power of attorney, or authority as attorney, for the maker, or any indorser, or assignor, or other person liable thereon, and in the name of such maker, indorser, assignor, or other obligor to appear in any court, whether of record or inferior, or to waive the issuance or personal service of process in any action to enforce payment of the money, or any part claimed to be due thereon, or which contains any provision or stipulation authorizing or purporting to authorize an attorney, agent, or other representative, be he designated howsoever, to confess judgment on such instrument for a sum of money when such sum is to be ascertained, or such judgment is to be rendered or entered otherwise than by action of court upon a hearing after personal service upon the debtor, whether with or without attorney's fees, or which contains any provision or stipulation authorizing or purporting to authorize any such attorney, agent, or representative to release errors, or the right of appeal from any judgment thereon, or consenting to the issuance of execution on such judgment, is hereby designated, defined and declared to be a cognovit note." Said act further provides that: "Any person, natural or corporate, who, directly or indirectly, shall procure another, or others, to execute as maker . . . or whoever being the payee . . . thereof shall accept and retain in his pos-

session any such instrument . . . shall be deemed guilty of a misdemeanor and, upon conviction, shall be fined," etc.

Was the execution of the note upon which suit was brought, and its acceptance and retention by appellee, a violation of the statute heretofore mentioned? If ■■ so, no cause of action can be predicated thereon.

Courts will not lend their aid to enforce a contract which contravenes the provisions of a statute. A cognovit note executed in this state, growing out of a contract made in the state since the acts of 1927, *supra,* became effective, is void. *State Bank* v. *Coquillard* (1855), 6 Ind. 232; *Cassaday* v. *American Ins. Co.* (1880), 72 Ind. 95; *City of Indianapolis* v. *Wann, Rec.* (1896), 144 Ind. 175, 42 N. E. 901, 31 L. R. A. 743; *Winchester Electric Light Co.* v. *Veal* (1895), 145 Ind. 506, 41 N. E. 334, 44 N. E. 353; *Moorhouse* v. *Kunkalman* (1911), 177 Ind. 471, 479, 96 N. E. 600.

Appellee asserts that the written instrument sued upon is not a cognovit note, and bases this contention on the fact that certain blanks appear on the face of the note which prevent it from being classified as such. Because of said blanks, it is the claim of appellee that that part of said note reading "and . . . . . . hereby authorize any attorney at law to appear in any Court of Record in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against . . . . . . . . . . in favor of the holder hereof for the amount then appearing due, together with costs of suit and thereupon to release all errors and waive all right of appeal," is an unexecuted part of the note, creating no rights, obligations or duties; that the blanks not being filled in, the courts cannot construe the instrument as if it were done.

Appellant contends that, where blanks are left in a

promissory note at the time of its delivery, the holder has the implied authority to fill in such blanks, and that, on failure to so do, the instrument will be read and construed as though the blanks were filled in, conformable to the context of the instrument.

In the instant case the blanks were never filled, and the instrument was incomplete when delivered, as to any authority to appear, waive the issuing and service of process and confess judgment, etc., being granted.

The action when commenced was between the original parties to the transaction. The cause was submitted for trial under issues formed by an answer of general denial to the complaint. No issue was tendered by any answer averring that there was an agreement made when the note was executed that the blanks would be filled in by inserting the words "we" and "us" where such words would appear in the note if it was the purpose of the parties signing the note to execute, and the purpose of the payee thereof to have executed, a cognovit note. The note sued upon contains an unconditional promise to pay to the order of appellee a certain sum of money at a fixed future time and is signed by the makers.

Section 14 of "The Uniform Negotiable Instrument Act" of this state (§11373 Burns 1926, Acts 1913 p. 120), has the following provision, among others, to wit: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein." Also this provision: "In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."

Since "The Uniform Negotiable Instrument Act"

went into effect, authority to fill blanks is restricted to the agreement of the parties at the time of sign-██ ing. The complaint alleges, among other things, that the note in suit was given in part payment of the purchase price of certain real estate; it does not disclose that any agreement was made and authority given to fill in the blanks existing when the note was delivered. Without such an agreement the contract of the parties would not be in violation of the statute prohibiting cognovit notes. It is not to be presumed that the intention was to execute a contract that could not be enforced. We cannot by construction supply words that would make the note void.

We are in full accord with the decisions of this and other jurisdictions holding that a word plainly omitted by inadvertence will always be supplied to accomplish justice by enforcing the intention of the parties, but the law as so announced cannot be applied here.

There was no error in overruling the demurrer to the complaint, and the judgment is affirmed.