PEOPLES NATIONAL BANK & TRUST COMPANY OF CHICAGO ET AL. *v.* PORA ET AL.

[No. 26,827. Filed June 15, 1937. Rehearing denied September 21, 1937.]

*Wildermuth, Force & Barr,* for appellants.

*Willard B. Van Horne, Willard B. Van Horne, Jr., Winslow Van Horne,* and *George Panea,* for appellees.

TREMAIN, J.—This is an action by the appellants against the appellees to foreclose a mortgage against the appellees' real estate located in Lake County, Indiana. A copy of the mortgage is attached to the complaint as an exhibit and made a part thereof.

The mortgage recited the fact that the appellees were the owners of the real estate described, and executed the mortgage to secure the payment of $14,000 loaned by appellants to appellees. The mortgage contained a clause whereby appellees promised to pay the indebtedness described. The mortgage was complete within itself in that it recited the amount of the loan, the security given, and the promise to pay. The complaint as originally filed did not contain a copy of the note, but was based solely upon the mortgage.

Summons was issued and served upon the appellees. Each appeared and filed a motion to require the appel-

lants, plaintiffs, to make the complaint more specific by filing as a part thereof a copy of the note given at the time the mortgage was executed, evidencing the indebtedness. The court sustained the motion, and over appellants' objections ordered the note to be filed as an exhibit and part of the complaint. Thereupon, appellants filed an amended complaint reciting all the facts contained in the first complaint, and further alleging:

"That in compliance with said order and for no other purpose these plaintiffs say that the said bonds or notes referred to in Exhibit 'A' (appellants' mortgage) hereto attached are in the following words and figures, to wit."

Then followed a copy of a note calling for the principal sum of $14,000, dated at East Chicago, Indiana, October 3, 1928, and payable to the Peoples Stock Yards State Bank, Chicago, Illinois. This note contained the following provision:

"And to secure the payment of said amount we hereby authorize irrevocably any attorney of any Court of Record without process, to appear for us in such court, in term time or vacation, at any time hereafter, and confess a judgment in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution upon such judgment hereby ratifying and confirming all that said attorney may do by virtue hereof."

The mortgage was acknowledged by John and Anna Pora before a notary public in Lake County, Indiana.

Upon the filing of the amended complaint the appellees filed a motion to strike the amended complaint from the files and to dismiss the cause of action, for the reason that the complaint, as amended, sought to foreclose a mortgage given to secure the payment of a note containing a clause authorizing an attorney to confess a

judgment contrary to the law and public policy in the State of Indiana. Sections 2-2904 and 2-2906 Burns Ind. St. 1933, §§398 and 399 Baldwin's Ind. St. 1934. The motion to strike the amended complaint from the files and dismiss the cause of action was sustained by the court. The appellants excepted to the ruling and prayed an appeal to the Appellate Court. The questions before this court are based upon that ruling.

The appellants contend that they should not have been required to amend their complaint as ordered by the court, and that the court erred in dismissing their cause of action. There is nothing in the record before this court to show definitely whether the mortgage was executed in the State of Indiana or in the State of Illinois, where the execution of a contract containing a cognovit feature is valid. The record shows that the real estate is located in Indiana and the mortgage was there acknowledged, but payable to a bank in the city of Chicago, Illinois. There is no allegation in the complaint or other pleading indicating where the mortgage and note were delivered.

This court, in *American Furniture Mart Bldg. Corp.* v. *W. C. Redmon, Sons & Co.* (1936), 210 Ind. 112, 1 N. E. (2d) 606, held that a contract containing a cognovit clause executed in the State of Illinois and sued upon in the State of Indiana, the cognovit feature not being relied upon, was valid, and the action could be maintained. It is said in that case (p. 118):

"We have found no authority in this or any other state which prevents recovery upon a contract, which contains cognovit features and valid where made, if the cognovit features are not relied upon in the action to recover. We think it is clear that under said chapter 227, *supra* (Section 2-2906, Burns Ind. St. 1933), no criminal proceeding could be sustained against a party who brings an action upon a cognovit contract, valid in a state where

made, and not relying upon the cognovit features of the contract, but proceeding upon proper issuance and service of process. The act does not pretend to make it a crime or misdemeanor to bring an action upon such a contract when there is a proper issuance and service of process when the cognovit features are abandoned."

The mortgage contained in the plaintiff's complaint was complete in all its parts. The note was not a necessary part of the mortgage. This state has always recognized that a mortgage executed by a husband and wife upon real estate owned by the husband and containing a promise to pay, gave the mortgagor authority to take a personal judgment against the wife, although she did not sign the note. In other words, the note and the mortgage are separate and distinct instruments, although executed at the same time and concerning the same matters. There is no stipulation in the mortgage that the note given as evidence of the debt should contain the cognovit feature.

A similar question arose in *Phend* v. *Midwest Engineering, etc., Co.* (1931), 93 Ind. App. 165, 177 N. E. 879. In that case a conditional-sale contract was executed in the State of Illinois evidencing the sale of certain equipment, wherein the title to the property was retained in the vendor. The conditional-sale contract made no provision concerning the nature of the note or notes to be given in evidence of the debt. Cognovit notes were executed. The court there recognized the rule that instruments executed at the same time by the same parties, and for the same purpose, in the eyes of the law were one instrument and should be read together. But held that rule, as applicable to the existing facts, did not make the conditional-sale contract void. That contract and the cognovit notes were distinct transactions, and the illegal cognovit clause contained in the notes could be separated from the valid acts of the

parties, and that the conditional-sale contract was enforceable against the appellants in that case.

It is not clear that Section 2-2904 Burns 1933 (§399 Baldwin's 1934), *supra,* is intended to make void entire contracts of the nature here under consideration. It makes void a contract giving a power of attorney with authority "to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor." Section 2-2906 Burns 1933 (§398 Baldwin's 1934), *supra,* penalizes any person who shall procure others to execute, endorse, or sign a cognovit note, or who shall accept and retain such instrument. Under that section, the instruments bearing the cognovit feature are not declared void by express terms. The statute defines a misdemeanor and prescribes a penalty to be assessed against the offender.

Under the showing made in the appellants' complaint, the appellees are indebted to the appellants in the sum of $14,000. They asked to be relieved from the payment of this sum upon the sole ground that the debt is evidenced by a cognovit note, illegal in Indiana by the statute above cited. It is clear that the purpose of the statute is to prevent judgments to be taken without the service of process, and by virtue of a power of attorney executed in advance. It is not the purpose of the statute to enable a person to escape the payment of an honest debt. Lewis' Sutherland Statutory Construction, Vol 2, §490, in discussing such statute uses the following language:

"Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience, and to oppose all prejudice to public interests. 'In construing an act of the general assembly, such a construction will be placed upon it as will tend to advance the beneficial pur-

474

poses manifestly within the contemplation of the general assembly at the time of its passage; and courts will hesitate to place such a construction upon its terms as will lead to manifestly absurd consequences, and impute to the general assembly total ignorance of the subject with which it undertook to deal.' "

Section 2-2906 (§398 Baldwin's 1934), *supra,* is a penal statute purely, and should be construed as such, and should not be extended so as to permit a wrong. Lewis' Sutherland Statutory Construction, §521, is as follows:

"A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter, though within the reason and policy, of the law. 'It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms.' Although a case may be within the mischief intended to be remedied by a penal act, that fact affords no sufficient reason for construing it so as to extend it to cases not within the correct and ordinary meaning of its language. And as a general rule where a penalty is affixed by a statute to an act or omission, such penalty is the only punishment or loss incurred by the guilty party. To constitute the offense, the act must be both within the letter and spirit of the statute defining it. Penal statutes can never be extended by mere implication to other persons or things not expressly brought within their terms."

It is clear that the Legislature did not intend the consequences of the judgment of the trial court. The original complaint in this case was founded upon a contract, mortgage, complete in itself; process was issued and served; no reliance was placed upon the note and the cognovit feature therein contained. Under the condition and circumstance here presented, the motion to make the complaint more certain and specific should have been overruled. The purpose

of the cognovit statute was to protect citizens of this state from the evil of having judgments confessed against them on the authority of prematurely executed powers of confession, and without having an opportunity to appear and defend.

No reasonable and just construction of the statutes involved will sustain the court's action. It is ordered that this cause be reinstated in the court below and the motion to make the complaint more specific be overruled, and for proceedings in accordance with this opinion.

Judgment is reversed.