152 P.2d 394

**RITCHEY v. GERARD.**

No. 4856.

Supreme Court of New Mexico.

Oct. 16, 1944.

Melvin D. Rueckhaus, of Albuquerque, for appellant.

Nils T. Kjellstrom, of Socorro, for appellee.

THREET, Justice.

Appellant brought a suit number 6244 on the civil docket of the District Court within and for McKinley County, New Mexico, to revive a judgment theretofore entered by that court in cause No. 4959. By a trial amendment, appellee interposed the defense that the judgment in cause No. 4959, being based upon a promissory note containing

cognovit provisions in contravention of 1941 Comp., Secs. 19-916 and 19-918, is void.

The findings of fact and conclusions of law made by the trial court are to be found in the judgment as follows, to-wit:

"That on the 26th day of May, 1943, in cause No. 6244 in the District Court of the County of McKinley, State of New Mexico, the plaintiff R. C. Ritchey filed a complaint against the defendant E. J. Gerard for the purpose of renewing and reviving a judgment heretofore entered on the 3rd day of June, 1935, in cause No. 4959 of the District Court within and for the county of McKinley and State of New Mexico;

"That the judgment sought to be revived was based upon a certain complaint filed in cause No. 4959 on the 29th day of April, 1935, wherein the plaintiff recovered judgment from the defendant on a certain promissory note dated January 27th, 1934; and that said note upon which judgment was obtained was a cognovit note;

"That in said cause No. 4959 a summons was duly issued and served upon the defendant E. J. Gerard, who, however, failed to appear or otherwise answer said complaint in the time required by law, and judgment was obtained against him by default.

"From the facts so found, the Court concludes as a matter of law:

"1. That the Court has jurisdiction of this cause and the parties to this action;

"2. That cause 6244, which is an action to revive the judgment heretofore found for the plaintiff, being based upon an action originally upon a cognovit note, should be dismissed;

"3. That the judgment entered in cause 4959, being based upon a cognovit note, is void and of no force and effect."

Based upon the foregoing findings of fact and conclusions of law, the trial court entered its judgment declaring the judgment in cause No. 4959 null and void and dismissing appellant's cause of action No. 6244.

From this judgment appellant appeals, assigning error. Points relied upon by appellant for reversal of this case are as follows:

"1. The court erred in concluding that an action to revive a judgment originally based upon a cognovit note should be dismissed.

"2. The court erred in declaring the judgment rendered in cause No. 4959, being based upon a cognovit note, void."

The question here is, does the inclusion in a promissory note of a cognovit provision, which is declared to be unlawful under the statutes of New Mexico, make void the entire contract?

Sections 19-916 and 19-918, supra, are respectively as follows:

"It shall be unlawful to execute or procure to be executed as part of or in connection with the execution of any negotiable instrument, or other written contract to pay money, and before a cause of action thereon shall have accrued, any contract,

agreement, provision or stipulation giving to any person or persons a power of attorney or authority as attorney for the maker or endorser thereof, in his name to appear in any court of record, and waive the service of process in an action to enforce payment of money claimed to be due thereon, or authorizing or purporting to authorize an attorney or agent, howsoever designated, to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor, whether with or without an attorney fee, or authorizing or purporting to authorize any such attorney to release errors and the right of appealing from such judgment, or to consent to the issue of execution on such judgment. Any and all provisions hereinabove declared to be unlawful, contained in any contract, stipulation or power of attorney given or entered into before a cause of action on such promise to pay, shall have accrued, shall be void."

"Any negotiable instrument, or other written contract to pay money, which contains any provision or stipulation giving to any person any power of attorney, or authority as attorney, for the maker, or any endorser, or assignor, or other person liable thereon, and in the name of such maker, endorser, assignor, or other obligor to appear in any court, whether of record or inferior, or to waive the issuance or personal service of process in any action to enforce payment of the money, or any part claimed to be due thereon, or which contains any provision or stipulation authorizing or purporting to authorize an attorney, agent or other representative, be he designated howsoever, to confess judgment on such instrument for a sum of money when such sum is to be ascertained, or such judgment is to be rendered or entered otherwise than by action of court upon a hearing after personal service upon the debtor, whether with or without attorney's fee, or which contains any provision or stipulation authorizing or purporting to authorize any such attorney, agent, or representative to release errors, or the right of appeal from any judgment thereon, or consenting to the issuance of execution on such judgment, is hereby designated, defined and declared to be a cognovit note. Any person, natural or corporate, who directly or indirectly shall procure another, or others, to execute as maker, or to endorse, or assign such cognovit note, or whoever being the payee, endorsee, or assignee thereof shall accept and retain in his possession any such instrument, or whoever shall conspire or confederate with another, or others, for the purpose of procuring the execution, endorsement or assignment of any such instrument, or whoever shall attempt to recover upon or enforce within this state any judgment obtained in any other state or foreign country based upon any such instrument, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than fifty dollars ($50.00), and not exceeding five hundred dollars ($500.00), to which may be added imprisonment for not less than thirty (30) days."

These sections were apparently taken from Chapters 66 and 227 of the 1927 Session Laws of the State of Indiana, which appear in Burns' Code as Sections 2-2904 and 2-2906, as they are in the exact language of the Indiana statute, except the last sentence in Sec. 19-916, supra, and the last sentence in Sec. 2-2904, supra, which read respectively as follows:

"Any and all provisions hereinabove declared to be unlawful, contained in any contract, stipulation or power of attorney given or entered into before a cause of action on such promise to pay, shall have accrued, shall be void."

"Any and all contracts, stipulations and powers of attorney given or entered into before a cause of action on such promise to pay, shall have accrued, shall be void."

The statutes of the State of Indiana have been construed by the courts of that State on several occasions. The last expression is to be found in Simpson et al. v. Fuller, Ind.App., 51 N.E.2d 870, 872. In this case appellants brought suit to recover upon a conditional sales contract which contained a cognovit clause as defined by the laws of that State. Appellees demurred to the complaint on the ground that the contract contained a cognovit clause and was therefore void and unenforceable, as being in violation of the sections of the Indiana Code, supra. The trial court sustained the demurrer and dismissed appellants' complaint. Upon appeal the Appellate Court of Indiana said:

"Section 2-2906, Burns' (Sec. 398, Baldwin's), is a penal statute and should be construed as such. Under it instruments containing cognovit provisions are not declared void by express terms. The statute merely defines a misdemeanor and prescribes a penalty therefor. It must be construed strictly and cannot be extended or enlarged beyond its express provisions.

"Nor does it appear that Section 2-2904, Burns' (Sec. 399, Baldwin's), is intended to make void entire contracts containing, among other provisions, cognovit clauses. It only is intended to make void contract provisions giving power of attorney with authority to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor. A study of this section impresses us that the purpose and intent of the legislature as thereby and therein expressed is to prevent judgments from being obtained without notice or service of process by virtue of a power or authority executed prior to the accrual of a cause of action.

"In the instant case we are confronted with a contract containing, in addition to the cognovit clause, several provisions and agreements, all of them wholly within the law. Does the inclusion therein of the cognovit clause make void the entire contract? We think not. Where an agreement founded on a legal consideration contains several promises, or a promise to do several things, and a part only of the

things to be done are illegal, the promises which can be separated, or the promise, so far as it can be separated, from the illegality, may be valid. Thus, where a contract is made up of several covenants and agreements, and one covenant is illegal, if the illegal covenant can be eliminated without destroying the symmetry of the contract as a whole, the courts will do so and enforce the remainder. Jordan v. Kittle, 1928, 88 Ind.App. 275, 150 N.E. 817.

"In the instant case the cognovit clause in the contract under consideration is separable without in any wise affecting the remainder of the contract. Nor did appellants attempt to act under the cognovit provision. From the record it appears that appellants filed their complaint in due form and process issued thereon. From the showing of the complaint appellee is indebted to appellants on a contract and appellants seek relief in a manner wholly legal.

"Appellee's demurrer to the second paragraph of complaint should have been overruled. Other questions here presented are fully resolved by the foregoing opinion.

"See also Johnston v. Franklin Kirk Co., 1925, 83 Ind.App. 519, 148 N.E. 177; Smith v. Yost, 1920, 72 Ind.App. 628, 125 N.E. 73; Emshwiler v. Tyner, 1899, 21 Ind.App. 347, 52 N.E. 459, 69 Am.St.Rep. 360; Peoples Nat'l Bank, etc., Co. v. Pora, 1937, 212 Ind. 468, 9 N.E.2d 83, 111 A.L.R. 1402; Phend v. Midwest Engineering Co., 1931, 93 Ind.App. 165, 177 N.E. 879."

Appellee argues that the note in cause No. 4959, being in direct contravention and in violation of Sec. 19-918, supra, was void and of no effect, and the judgment based thereon also is void and of no force and effect. This argument would carry much weight if we were here dealing only with Sec. 19-918, supra. In Third National Exchange Bank of Sandusky Ohio et al. v. D. B. Smith et ux., 17 N.M. 166, 125 P. 632, 635, we said:

"We think the authorities uniformly hold that an act done in violation of a statutory prohibition is void, and confers no right upon the wrongdoer."

We also recognized in the same case an exception to this rule:

"We are aware that the rule above stated is subject to the qualification that when upon a survey of the statute and from its subject-matter, and the mischief sought to be prevented, it appears that the Legislature intended that the violation of the statutory prohibition should not render a contract void, effect must be given to that intention * * *."

See, also, Delgado et al. v. Delgado, 42 N.M. 582, 82 P.2d 909, 118 A.L.R. 1175.

To arrive at the true legislative intent the two Sections, viz.: 19-916 and 19-918, supra, must be construed together. Sec. 19-918 is a criminal statute and should be construed as such. Under it a promissory note or other instruments containing cognovit provisions are not declared void by express terms. This section of the

statute defines a cognovit note and makes it a misdemeanor for any person, natural or corporate to deal with such notes as follows:

"Any person, natural or corporate, who directly or indirectly shall procure another, or others, to execute as maker, or to endorse, or assign such cognovit note, or whoever being the payee, endorsee, or assignee thereof shall accept and retain in his possession any such instrument, or whoever shall conspire or confederate with another, or others, for the purpose of procuring the execution, endorsement or assignment of any such instrument, or whoever shall attempt to recover upon or enforce within this state any judgment obtained in any other state or foreign country based upon any such instrument, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than fifty dollars ($50.00), and not exceeding five hundred dollars ($500.00), to which may be added imprisonment for not less than thirty (30) days."

■ Section 19-916, supra, does not make void the entire contract containing, among other provisions, cognovit clauses. It is manifest by referring to the last sentence of that section, that it is only intended to make void the provisions giving power of attorney with authority to confess judgment on such instruments for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after proper service of process. A study of this section leads us to the conclusion that the purpose and intent of the legislature, as therein expressed, is to prevent judgment from being obtained without notice or service of process by virtue of a power of attorney executed prior to the accrual of the cause of action.

■ In the case at bar the note, upon which the judgment in cause No. 4959 was based, contained in addition to the cognovit clause other provisions legal in every respect. Does the inclusion therein of the cognovit clause make void the entire note? We think not. In Simpson v. Fuller, supra, and Jordan v. Kittle, 88 Ind. App. 275, 150 N.E. 817, it is said:

"Where an agreement founded on a legal consideration contains several promises, or a promise to do several things, and a part only of the things to be done are illegal, the promises which can be separated, or the promise, so far as it can be separated, from the illegality, may be valid. Thus, where a contract is made up of several covenants and agreements, and one covenant is illegal, if the illegal covenant can be eliminated without destroying the symmetry of the contract as a whole, the courts will do so and enforce the remainder."

■ In the instant case the cognovit clause in the note is separable without in any wise affecting the remainder of the note and the obligation of appellee to pay. It is admitted by appellee, and the trial court so found, that appellant did not attempt to procure a judgment by virtue of the cognovit clause in the note. It appears from the findings of the trial court that in

cause No. 4959, appellants filed their complaint and summons was duly issued and served on appellee, who failed to appear or answer within the time required by law and judgment was rendered against him by default. There is no contention that appellee was not indebted to appellant upon the note in suit in cause No. 4959, and it affirmatively appears that appellant obtained judgment upon said note in a legal manner and as provided by law.

It is interesting to note that the Indiana statute is more susceptible to the construction contended for by appellee than Sec. 19-916, supra, of the New Mexico laws. The Indiana statute declares that any and all contracts, stipulations and powers of attorney given or entered into before the cause of action shall have accrued, shall be void. Under Sec. 19-916, supra, it is provided that any and all provisions declared unlawful, contained in a contract given or entered into before the cause of action shall have accrued, shall be void; yet the construction placed upon the Indiana statute by the Courts of that State, as to the intent and purpose of the legislature, was to make void only those provisions in a contract which provide for judgment without notice or service of process by virtue of the power or authority executed prior to the accrual of the cause of action.

The trial court was in error in declaring the judgment in cause No. 4959 void and dismissing appellant's cause of action.

The judgment will be reversed. The cause will be remanded with directions to set aside the judgment, and proceed with the cause not inconsistent herewith. It is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.