**Thomas G. JAEHNEN, Appellant–Defendant,**

v.

**Phillip R. BOOKER, Appellee–Plaintiff.**

No. 58A01–0307–CV–269.

Court of Appeals of Indiana.

April 7, 2004.

Wilmer E. Goering, II, Madison, IN, Alison T. Frazier, Madison, IN, Attorneys for Appellant.

Frank G. Kramer, Lawrenceburg, IN, Leanna Weissmann, Lawrenceburg, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Appellant–Defendant Thomas G. Jaehnen ("Jaehnen") appeals from the trial court's order granting summary judgment in favor of Appellee–Plaintiff Phillip R. Booker ("Booker").

We affirm.

### ISSUES

Jaehnen raises the following restated issues for our review:

1. Whether a party is precluded from enforcing the terms of a promissory note because the promissory note contains a cognovit provision that is not utilized to enforce the note.

2. Whether Jaehnen is entitled to attorney fees below.

### FACTS AND PROCEDURAL HISTORY

On February 25, 1997, in Ohio County, Indiana, Booker loaned $20,000.00 to Jaehnen. The promissory note between them regarding the loan provided that Jaehnen would repay the loan plus eight percent interest per annum in monthly installments. The agreement was set forth in a document entitled "COGNOVIT NOTE." Appellant's App. 11–13.[1]

Jaehnen did not make monthly payments on the loan. However, on April 29, 2002, Jaehnen paid $20,005.74 to Booker. On July 6, 2002, Jaehnen paid $200.00 to Booker, but failed to pay any additional interest. On July 23, 2003, Booker filed a

---

1. We note that there is no time stated for payment in the note at issue. Therefore, pursuant to Ind.Code § 26–1–3.1–108(a)(2) the note is payable on demand.

complaint in Ohio Superior Court alleging nonpayment of interest. Booker and Jaehnen each sought summary judgment on the issue. Jaehnen argues that the contract was unenforceable because it was void when made because cognovit notes are prohibited in Indiana. Jaehnen also requested attorney fees arguing that Booker's lawsuit was against public policy because it sought to enforce a void instrument.

On June 16, 2003, the trial court entered its Corrected Order On Motion For Summary Judgment. In that order, the trial court granted summary judgment in favor of Booker. The trial court found that Jaehnen owed Booker $10,467.77 in interest on the note, plus costs and interest at the statutory rate.

This appeal ensued.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. Ind. Trial Rule 56(C); *Campbell v. Criterion Group*, 613 N.E.2d 423, 428 (Ind. Ct.App.1993), *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie showing of the non-existence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell*, 613 N.E.2d at 428. We must construe all designated evidence liberally in favor of the non-moving party and resolve any doubt against the moving party. *Porter v. Irvin's Interstate Brick & Block*

*Co., Inc.*, 691 N.E.2d 1363, 1364 (Ind.Ct. App.1998).

Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Financial Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct.App. 1998), *trans. denied.* Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind. 1996).

On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity. *See Indiana Bd. Of Public Welfare v. Tioga Pines*, 622 N.E.2d 935, 939–40 (Ind.1993), *cert. denied*, 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous. *See Department of Revenue v. Caylor–Nickel Clinic*, 587 N.E.2d 1311, 1313 (Ind.1992). On review, we face the same issues that were before the trial court and follow the same process. *Id.* All properly asserted facts and reasonable inferences should be resolved against the movant. *Belford v. McHale, Cook & Welch*, 648 N.E.2d 1241, 1244 (Ind.Ct.App. 1995), *trans. denied.* The appellate court may not reverse the entry of summary judgment on the ground that a genuine issue of material fact exists unless the material fact and the evidence relevant thereto were designated specifically to the trial court. Ind. Trial Rule 56(H). Furthermore, we will sustain the trial court's decision to grant a motion for summary judgment if it is sustainable by any theory

or basis found in the record. *See Ward v. First Indiana Plaza Joint Venture,* 725 N.E.2d 134, 136 (Ind.Ct.App.2000).

## I. COGNOVIT NOTES

█ Am.Jur.2d defines a cognovit note as follows:

A cognovit is a legal device by which a debtor gives advance consent to a holder's obtaining a judgment against him or her, without notice or hearing. A cognovit clause is essentially a confession of judgment included in a note whereby the debtor agrees that, upon default, the holder of the note may obtain judgment without notice or a hearing... The purpose of a cognovit note is to permit the noteholder to obtain judgment without the necessity of disproving defenses which the maker of the note might assert... A party executing a cognovit clause contractually waives the right to notice and hearing....

Am.Jur.2d. Judgments § 235. (Citations omitted).

In Indiana, a cognovit note is defined as follows:

Ind.Code § 34–6–2–22. "Cognovit note" "Cognovit note", for purposes of IC 34–54–4, means a negotiable instrument or other written contract to pay money that contains a provision or stipulation:

(1) giving to any person a power of attorney, or authority as attorney, for the maker, endorser, assignor, or other person liable on the negotiable instrument or contract, and in the name of the maker, endorser, assignor, or other obligor:

(A) to appear in any court, whether of record or inferior; or

(B) to waive personal service of process; in any action to enforce payment of money or any part of the money claimed to be due;

(2) authorizing or purporting to authorize an attorney, agent, or other representative, however designated, to confess judgment on the instrument for a sum of money when the sum is to be ascertained, or the judgment is to be rendered or entered otherwise than by action of court upon a hearing after personal service upon the debtor, whether with or without attorney's fee; or

(3) authorizing or purporting to authorize an attorney, agent, or representative to:

(A) release errors or the right of appeal from any judgment; or

(B) consent to the issuance of execution on the judgment.

█ Cognovit notes are prohibited in Indiana. *See* Ind.Code § 34–54–4–1. However, in spite of Indiana's aversion to cognovit provisions, a valid foreign judgment based on a cognovit note will be given full faith and credit. *See Cox v. First National Bank of Woodlawn,* 426 N.E.2d 426, 430 (Ind.Ct.App.1981).

Jaehnen argues that since cognovit notes are prohibited in Indiana, and the document upon which he is being sued is entitled "Cognovit Note," that the entire agreement is void. He cites to *Fodor v. Popp,* 93 Ind.App. 429, 178 N.E. 695, 696 (1931), in support of this proposition. *Fodor* holds in part that a cognovit note executed in this state, growing out of a contract made in the state since the Acts of 1927, supra, became effective, is void. 178 N.E. at 696.

█ In *Peoples Nat. Bank & Trust Co. v. Pora,* 212 Ind. 468, 9 N.E.2d 83, 85 (1937), however, our supreme court held that the cognovit feature of a mortgage note did not preclude recovery on the mortgage where the mortgagee did not rely on the note or cognovit feature thereof. Our supreme court held that the pur-

pose of the statute prohibiting cognovit notes is to prevent judgment to be taken without service of process, and by virtue of a power of attorney. *Id.* Likewise, the purpose of the statute is not to allow a person to escape the payment of an honest debt. *Id.*

In *Paulausky v. Polish Roman Catholic Union of America*, 219 Ind. 441, 39 N.E.2d 440, 445 (1942), our supreme court held that a cognovit provision in a note, which authorizes the confession of a judgment if the note be not paid at maturity, simply provides another remedy, another method of enforcing payment. The supreme court went on to state that the negotiable instrument law provides that such a provision does not destroy the negotiability of an instrument which is otherwise negotiable. *Id.*

Additionally, in *Simpson v. Fuller*, 114 Ind.App. 583, 51 N.E.2d 870, 872 (1943), a panel of this court held that it did not appear that the statute prohibiting cognovit notes was intended to make void entire contracts containing, among other provisions, cognovit clauses. *Simpson* goes on to state that the statute is only intended to make void contract provisions giving power of attorney with authority to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor. *Id.* Furthermore, this court in *Simpson* went on to opine that the apparent purpose and intent of the legislature was to prevent judgments from being obtained without notice or service of process by virtue of a power or authority executed prior to the accrual of a cause of action. *Id.*

In *Barber v. Hughes*, 223 Ind. 570, 63 N.E.2d 417, 419 (1945), our supreme court quoted the holding from *Paulausky* that after the execution of a note, the cognovit paragraph may be stricken out by the payee without destroying his right to judgment on the note in an action in this state begun by summons. Our supreme court cited with approval a case from Kentucky, *Wedding v. First Nat. Bank of Chicago, Inc.*, 280 Ky. 610, 133 S.W.2d 931 (1939), where cognovit notes are also invalid. The *Wedding* court, in extending full faith and credit to the foreign judgment, stated that the objectionable part of the contract related to court procedure defining the method of reducing the note to judgment.

Last, in *D.S. Albert v. Sitton*, 170 N.E.2d 925, 927 (1959), the Ohio Court of Common Pleas found that a note signed and delivered in Indiana, but payable in Ohio, could not be enforced in Ohio. The court held that no jurisdiction was obtained over the defendants in that case because the plaintiff availed himself, in Ohio, of the warrant of attorney provision, which is illegal in Indiana. The court decided the case on jurisdictional grounds rather than holding that the entire document was void and unenforceable.

Furthermore, in *The Fishline, Inc. v. Hustwit*, 1986 WL 13925 (Ohio App. 10 Dist.), the Court of Appeals of Ohio addressed the issue of the validity of a promissory note containing a defective cognovit note provision. In Ohio, cognovit notes are valid. *See e.g., Hadden v. Rumsey Products*, (C.A.2 (N.Y.) 1952), 196 F.2d 92. The court cited longstanding precedent in holding that cognovit provisions are severable from the other portions of negotiable instruments. *Fishline*, 1986 WL 13925 at *3. Therefore, the terms of the promissory note could be enforced.

█ Jaehnen attempts to distinguish the holdings of several of the cases mentioned above by emphasizing the fact that some of the contracts or notes were executed in other states. *See Barber*, 223 Ind. 570, 63 N.E.2d 417 (contract deemed

executed in Illinois); *Paulausky,* 219 Ind. 441, 39 N.E.2d 440 (mortgage and note executed in Illinois); *Simpson,* 114 Ind. App. 583, 51 N.E.2d 870 (opinion silent on location of execution of contract). However, the cases discussed above hold that the evil to be avoided is the lack of due process rather than the location of execution of the notes, contracts or mortgages. The location of execution becomes relevant in determining whether to extend full faith and credit to a foreign judgment on the cognovit provision.

▇ It is true that, in general, the law declares that a contract made in contravention of a statute is void. *Norlund v. Faust,* 675 N.E.2d 1142, 1150 (Ind.Ct.App. 1997). However, we have recognized the principle that a contract will not automatically be held void merely because it violates a statute. *Id.* We have held that a court may consider other factors such as the subject matter of the contract, the strength of the public policy underlying the statute, the likelihood that the court's decision in voiding the contract will actually further that public policy, and the detriment that the court's action would have upon the party seeking to enforce the bargain. *Id.* at 1151. In addition, we have stated that it is also important to consider the benefit that the party seeking to avoid the bargain has enjoyed. *Id.*

In the present case, Appellant enjoyed the use of Appellee's money for five years before repaying the principal. The portion of the note calling for the payment of interest, the provision of the note being pursued here, is valid in Indiana. While the cognovit provision of the note is not valid in Indiana, the evil being prevented by prohibiting these notes, is the evil of obtaining a judgment against a party without service of process or the opportunity to be heard. Here, Booker did not avail himself of the cognovit provision of the note.

He sought payment of interest due by filing a complaint, providing for service of process, and allowing Jaehnen the opportunity to hire an attorney and to be heard. We find that Jaehnen has not established that the trial court's decision to grant Booker's motion for summary judgment was erroneous.

## II. ATTORNEY FEES

Jaehnen requested that this court direct the trial court to consider an award of attorney fees should we reverse the trial court's decision. Since we are affirming the trial court's decision, we do not address this issue.

## CONCLUSION

The trial court did not err by granting summary judgment in favor of Booker. The cognovit of the provision of the note, while invalid, was not pursued. Jaehnen was provided service of process, a complaint was filed, and he had the opportunity to be heard. Therefore, the trial court properly granted summary judgment in favor of Booker for the interest owed on the note.

Because we do not reverse, we decline Jaehnen's invitation to ask the trial court to reconsider his request for attorney fees.

Affirmed.

DARDEN, J., and SHARPNACK, J., concur.