

ATTORNEY FOR APPELLANT

Mickey J. Lee
Maurice Wutscher, LLP
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

EBF Partners, LLC,

*Appellant-Plaintiff,*

v.

Evolving Solutions Inc. d/b/a, et al.

*Appellees-Defendants.*

February 27, 2018

Court of Appeals Case No.
49A05-1710-CC-2384

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1611-CC-40313

**Bailey, Judge.**

# Case Summary

EBF Partners, LLC ("EBF") petitioned to domesticate a money judgment that it had obtained against Evolving Solutions Inc.[1] and Frank Terranova (collectively, "Evolving") from a court in the State of New York. In the procurement of the foreign judgment, there had been no notice to Evolving and no hearing; the New York judgment relied upon an Affidavit of Confession of Judgment—known as a cognovit note—that Evolving executed when incurring the debt. The Indiana trial court initially entered judgment in favor of EBF, but set aside the judgment upon Evolving's Trial Rule 60(B) motion. EBF now appeals, contending that the trial court erred in setting aside the judgment.

We reverse.

# Facts and Procedural History

In early July of 2016, Evolving Solutions Inc., an Indiana corporation, agreed to sell $69,000 of its future proceeds to EBF, a Delaware company with a place of business in New York, for a purchase price of $50,000. The agreement provided that Evolving would make regular payments to EBF until Evolving had paid out the full $69,000, and Frank Terranova executed a personal guaranty. Evolving also executed a document captioned Affidavit of

---

[1] At some point, "d/b/a" was appended to the entity name, *see, e.g.*, App. at 12, and is used in our caption. It appears, however, that the entity is simply "Evolving Solutions Inc." *See, e.g., id.* at 11, 19, 25, 28, 31.

Confession of Judgment, in which Evolving "confess[ed] judgment, jointly, severally, and individually, and authorize[d] the entry of judgment in favor of [EBF] and against [Evolving] in the sum of [$69,000], less any payments made in accordance with [the agreement]." App. at 39. Evolving also consented to the jurisdiction of New York courts, and the affidavit set forth applicable interest rates and a calculation for attorney's fees.

[4] EBF stopped receiving payments in late July. Thereafter, without notice to Evolving and without any hearing, EBF obtained a confessed judgment from a court in the State of New York. EBF then filed in Marion County a petition to domesticate the judgment. Evolving challenged the petition, and the trial court eventually entered judgment against Evolving on March 9, 2017.

[5] Several months later, Evolving filed a Trial Rule 60(B) motion seeking to set aside the judgment. Evolving did not identify a specific ground for relief, but alleged that counsel had not received notice of the entry of judgment from the trial court's automated system, and that "[i]t was not until late June 2017, or early July 2017," that "counsel became aware" of the final judgment. *Id.* at 69. In its motion, Evolving essentially argued that it had not received notice and a hearing before EBF had procured the foreign judgment, and that Indiana law rendered the foreign judgment unenforceable. The trial court set aside the judgment, and EBF now appeals.

# Discussion and Decision

[6]   We note at the outset that Evolving has not filed a brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Instead, "we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks omitted).

[7]   Pursuant to Indiana Trial Rule 60(B), "[o]n motion and upon such terms as are just," the trial court "may relieve a party . . . from a judgment." Relief under this rule is "an equitable remedy within the trial court's discretion," and we accordingly "generally review a trial court's Rule 60 ruling only for abuse of discretion." *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). However, where—as here—the trial court has ruled on a paper record without conducting an evidentiary hearing, "we are 'in as good a position as the trial court . . . to determine the force and effect of the evidence.'" *Id.* (quoting *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001)). "Under those circumstances, our review is *de novo*." *Id.*

[8]   Trial Rule 60(B) sets forth eight potential grounds for relief, and requires that the movant "allege a meritorious claim or defense" when seeking relief under several of those grounds. T.R. 60(B). As to the allegation of a meritorious

claim or defense, the rule "provides no further guidance as to what constitutes a proper allegation." *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind. Ct. App. 2007). However, the Indiana Supreme Court has explained that Trial Rule 60(B) "requires . . . a showing that 'will prevail until contradicted and overcome by other evidence.'" *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006) (quoting *Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind. 1999)). In other words, the movant must make a prima facie showing that granting the motion will not be an empty exercise. *See id.*

[9] Here, neither the Trial Rule 60(B) motion nor the appealed order specifies a particular ground for relief. Evolving's motion is perhaps best characterized as claiming excusable neglect for its failure to timely appeal the judgment or to timely present legal arguments in a motion to correct error. *See* T.R. 60(B)(1) (setting forth "mistake, surprise, or excusable neglect" as a ground for relief). This ground for relief requires an allegation of a meritorious defense. *See* T.R. 60(B). Furthermore, even if Evolving's motion arguably invokes other grounds for relief, we are unable to discern any proffered ground that would be free from this requirement. Thus, assuming for the sake of argument that Evolving identified and demonstrated at least one proper ground for relief from the judgment, Evolving would be entitled to relief only if it had alleged a meritorious defense.[2]

---

[2] We note that Evolving presented only its unverified motion, with no accompanying affidavit, and Evolving apparently did not request a hearing to develop a factual basis for any ground for relief. *See Hardiman v.*

In moving for relief from the judgment, Evolving focused on Indiana Code provisions condemning legal instruments like the one Evolving had executed. Indeed, Indiana law prohibits cognovit notes, which are instruments permitting a money judgment to "be rendered or entered otherwise than by action of court upon a hearing after personal service upon the debtor." I.C. § 34-6-2-22; I.C. § 34-54-4-1 (making it a misdemeanor to "knowingly . . . procure[] another to . . . execute as maker . . . a cognovit note"). Moreover, our legislature has provided that certain foreign judgments are unenforceable in Indiana, I.C. § 34-54-3-4, including a foreign judgment based on a stipulation "given or entered into before a cause of action accrue[d] on a promise to pay." I.C. § 34-54-3-3; *cf.* I.C. § 34-54-4-1 (making it a misdemeanor to "attempt[] to recover upon or enforce within Indiana a judgment obtained in any other jurisdiction based upon a cognovit note"). Evolving directed the trial court to these provisions, and argued that the New York judgment was unenforceable in Indiana.

Yet, the Indiana Code is not the final authority on the enforceability of foreign judgments. Rather, Article IV, Section 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." *See* U.S. Const. art. VI, cl. 2 (setting forth the supremacy of the United States Constitution as

---

*Hardiman*, 152 Ind. App. 675, 680, 284 N.E.2d 820, 823 (1972) (observing that unsworn statements and unverified pleadings constitute no proof of the facts they allege). Putting aside Evolving's bare assertions concerning any ground for relief, we elect to address the other requirement: whether Evolving ultimately alleged a meritorious defense.

well as federal laws and treaties). The Full Faith and Credit Clause has some limitation, in that a forum state may consider its own public policy "in determining the *law* applicable to a controversy." *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998). Yet, there is "no roving 'public policy exception' to the full faith and credit due *judgments*." *Id.* Indeed, "[r]egarding judgments, . . . the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Id.*; *see also V.L. v. E.L.*, 577 U.S. _____ (2016). Thus, "in spite of Indiana's aversion to cognovit provisions, a valid foreign judgment based on a cognovit note will be given full faith and credit." *Jaehnen v. Booker*, 806 N.E.2d 31, 34 (Ind. Ct. App. 2004); *see W.H. Barber Co. v. Hughes*, 223 Ind. 570, 588, 63 N.E.2d 417, 424 (1945) (giving full faith and credit to an Illinois judgment based upon a cognovit note).

[12] In seeking relief, Evolving made no allegation that the New York court lacked adjudicatory authority or that EBF had not actually obtained a final judgment that was valid under New York law; in fact, Evolving conceded that New York "allows for" confessed judgments. App. at 70. Moreover, Evolving did not allege that EBF's petition to domesticate the judgment was somehow deficient. Rather, Evolving's Trial Rule 60(B) motion relied on principles of Indiana law that cannot surmount the mandates of the Full Faith and Credit Clause. As we discern no allegation of a meritorious defense in support of Trial Rule 60(B) relief, we conclude that the trial court erred in setting aside the judgment.

Reversed.


Kirsch, J., concurs.
Pyle, J., concurs with separate opinion.

| EBF Partners, LLC, | Court of Appeals Case No. |
| --- | --- |
| *Appellant-Plaintiff,* | 49A05-1710-CC-2384 |
| v. | |
| Evolving Solutions Inc. d/b/a, et al. | |
| *Appellees-Defendants.* | |

**Pyle, Judge, concurring with opinion.**

[14] I concur with my colleagues holding that the Full Faith and Credit Clause of our Federal Constitution requires reversal of the trial court's judgment. However, it is important to reemphasize that cognovit notes are prohibited in Indiana. In fact, it is a misdemeanor to induce someone into signing one. *See* Ind. Code § 34-54-4-1. Additionally, even Section 3.2(c) of the purchase agreement executed by the parties states that the confession of judgment can only be enforced "if permitted under the laws of the state in which the seller resides, . . . ." (App. Vol. 2, Pg. 22). This fact would likely make the confession of judgment unenforceable. But, that is a matter for the trial court in the State of New York.